## SALLY AUSTIN v. ELI CHITTENDEN.

### Pleading.

The third section of the act of 1856,* which provides that " the party against whom matter is specially pleaded in confession and avoidance in answer to matter by him antecedently alleged, may by a general form of denial traverse and put in issue all the material facts so pleaded by the other party," is sufficiently complied with in an action of assumpsit by a denial of all the allegations of the plea in the same words in which they are pleaded.

Such a denial only puts in issue the material facts pleaded by the other party, the same as when the general issue is pleaded to a declaration.

ASSUMPSIT; The plaintiff's second count declared in the common form on a note executed by John Bradley and indorsed by the defendant, the payee, to the plaintiff.

The defendant's fourth plea was as follows :

" And for a further plea in this behalf as to the second count in said declaration, the said defendant says that the said plaintiff ought not to have or maintain her aforesaid action thereof against him, because he says that after the making of the promise in the said second count mentioned, to wit, on the first day of May, 1854, at said Burlington, in consideration that the said John Bradley would and did then and there give and deliver to the said plaintiff a certain other promissory note made by said John Bradley, and payable to the order of, and then and there endorsed by one Harry Bradley, for a certain sum of money therein mentioned, larger than the amount of said note in said

* See acts of 1856, No. 8, page 14, sec. 3.

second count mentioned, with the interest then accrued thereon, to wit, for the sum of four thousand seven hundred eighty-six 15-100 dollars, and payable at a certain time thereafter in said note specified, to wit, in four months thereafter, said note to be collateral to said note in said second count mentioned, (among other things) the said plaintiff then and there promised the said makers of said note in said second count mentioned to forbear the prosecution and collection of said note in said second count mentioned, until the said note of the said John Bradley, so indorsed as aforesaid, should fall due and become payable according to the tenor of the same as aforesaid.

And the said defendant further avers, that the said plaintiff did thereupon so forbear as aforesaid promised, to wit, at said Burlington.

And the said defendant further avers that he, at the time of the making of said note, in said second count mentioned, and of the indorsement thereof, and the delivery thereof to the said plaintiff, was and ever since has been a mere surety of and accommodation indorser for said maker of said notes in said second count mentioned, and that he never received nor had any consideration for his said indorsement thereof. Of all which the said plaintiff at the time of said delivery of said note to her, and before and at the time of making the said promise to forbear thereon as aforesaid, had notice, to wit, on the day and year aforesaid, at said Burlington. And this, the said defendant is ready to verify, wherefore he prays judgment, if the said plaintiff ought to have or maintain her aforesaid action thereof against him."

To this plea the plaintiff replied as follows :

" And the said plaintiff, as to the said plea of the said defendant, by him fourthly above pleaded, says that by reason of anything in that plea alleged, she ought not to be barred from having and maintaining her aforesaid action thereof against him, the said defendant, because (according to the form of the statute in such case provided,) she says that she, the said plaintiff, did not in consideration that said John Bradley would and did deliver and give to her the note of said John Bradley, dated the first of May, 1854, for 4786 15-100 dollars, payable in four months after

date to the order of Harry Bradley, and by him indorsed, (or any other note,) promise the makers of said note in said second count mentioned, to forbear the prosecution of said note in said second count mentioned, until such note of said John Bradley should fall due and become payable according to the tenor thereof, nor did the said plaintiff so forbear. Nor was said defendant a surety of and accommodation indorser for the makers of said note, nor did the said plaintiff have notice that the defendant was surety and accommodation indorser for said makers, in manner and form as the said defendant hath in his said plea alleged, and this she prays may be inquired of by the country."

To this replication the defendant demurred specially. The causes of demurrer sufficiently appear from the opinion of the court.

The county court, at the September Term, 1858, in Chittenden county,—BENNETT, J. presiding,—adjudged the replication insufficient, to which the plaintiff excepted.

*J. French* and *E. R. Hard*, for the plaintiff.

*Geo. F. Edmunds*, for the defendant.

PIERPOINT, J. The questions in this case arise upon a demurrer to the plaintiff's replication to the defendant's plea.

The replication was filed under and in pursuance of the statute passed in 1856, relating to proceedings and costs in suits at law. And the first question that naturally arises is as to the sufficiency of this replication under that statute.

The statute provides that " the party against whom matter is specially pleaded in confession and avoidance in answer to matter by him antecedently alleged, may by a *general form of denial* traverse and put in issue all the material facts so pleaded by the other party."

It was the intent of the legislature by this enactment to entirely change the common law rule of pleading in respect to the matters referred to; so that the party would not be compelled to confine himself to a denial of a single material fact that his adversary had alleged against him, as at common law, but might by denying all such facts put his adversary to the proof of them.

In short, the party is allowed practically to tender a general issue to a plea, replication, etc., in the same manner that it may be done to the declaration, and when so tendered, we apprehend it should be construed to have the same legal effect, that is, to put his adversary to the proof of all the allegations that are necessary to be established to sustain the claim which he sets forth in his pleading.

In the case before us, the replication denies the allegations of the plea substantially in the same words in which they are pleaded. It is insisted that by so doing the plaintiff puts the defendant to the proof of immaterial matter; that he would not be required to prove under a more general form of denial. This we think is not correct. The party who, under this statute, confines himself strictly to a denial of the facts alleged in the manner and form in which they are pleaded, only puts in issue the material allegations, and under an issue so formed the alleging party is required to prove his allegations in the same manner and to the same extent that he would be required to prove them if they were contained in a declaration to which the general issue was pleaded.

But it is further insisted that the replication in this case is too special and particular in the form and extent of its denial to be allowed under the statute.

The statute allows a general form of denial, but gives no form and refers to no form, and the court cannot by construction limit the proceedings to any particular form, as there are no forms now known to the law that are applicable to all cases that may arise under the statute. In cases where from the form of the action and the state of the pleadings, *de injuria* would be appropriate, that plea might answer all the purposes of the statute; but that form of pleading is generally applicable only in actions *ex delicto* and as a replication to a plea, whereas the statute covers all forms of action and every stage of the pleadings.

If the form of denial adopted in the present case were adopted as the denial of a declaration, it would be objectionable as being what may be called a *special* general issue, not upon the ground that it in any measure would tend to embarrass the pro-

ceedings, or that it would place the parties in any different position from that which they would occupy under a plea of the general issue in the usual form, but for the reason, as given by Judge GOULD, that to allow it would lead to innovation and confusion, and tend to destroy settled distinctions, and to the introduction of new pleas unknown to the law.

But it must be borne in mind that the form of a general denial of the declaration has been long established in all forms of action and the propriety of requiring parties to conform to them for the reason stated is obvious to all.

But here the innovation upon the rules of pleading is introduced by the legislature for wise and beneficial purposes, and the law furnishes no particular form of denial applicable to the accomplishment of those purposes. There is no rule of law requiring the pleader to follow any particular form ; indeed I apprehend it would be somewhat difficult to frame a form of denial that would always be applicable in all stages of the pleading. And although the replication in this case would seem to be unnecessarily prolix, inasmuch as it recites the form of the allegations which it denies, instead of denying them in the form alleged, referring to the plea for the form ; still as under the construction which we have already put upon it, the same result follows practically, we are inclined to hold it good under the statute. This view renders it unnecessary to pass upon the other question in the case.

The judgment of the county court is reversed.