### HIRAM PADDOCK v. AHIRA JONES.

*Promissory Note. Pleading. Agreement to extend time of payment.*

In an action on a promissory note, payable on demand, the defendant set up, in his plea, an agreement by a former owner to extend the time of payment, and notice to the plaintiff. *Held*, that the replication, *de injuria*, is a sufficient general form of denial under the statute, (Gen. Stat. ch. 33, § 16,) upon general demurrer thereto. And would be sufficient on special demurrer.

Although it did not appear in the plea, that the defendant was a party to the agreement, nor that the consideration moved from him, nor that the agreement was entered into for his benefit, yet the plea was held sufficient in this respect on general demurrer, as the law would imply that the agreement was made between the parties to the note at that time.

The plea alleged, that the agreement was made " in consideration of certain valuable securities then placed in their," (the owners',) " hands as collateral security for the payment of said note." *Held*, that this was a sufficient consideration for the alleged agreement on general demurrer.

THIS was an action of assumpsit on a promissory note, with the common counts joined. The defendant pleaded special matter in bar. To the plaintiff's replication the defendant demurred. The court, at the September Term, 1867, PIERPOINT, Ch. J., presiding, sustained the demurrer, and adjudged the replication to be insufficient, and rendered judgment for the defendant,—to which decision the plaintiff excepted.

The defendant's plea was as follows :

" And for further plea in this behalf, by leave of the court for this purpose first had and obtained, said defendant saith, that said plaintiff ought not to have or maintain his aforesaid action thereof in said several additional counts above thereof complained against him, because, he says, that, at the time said note declared on, and which

contains said supposed promises and undertakings in said several counts mentioned and set forth, became due, and payable according to the tenor thereof, said note was the property of one John F. Day and Simeon Hine, and that while so the property of said Day and Hine, said Day and Hine agreed, for a valuable consideration, to wit: in consideration of certain valuable securities then placed in their hands as collateral security for the payment of said note, and that the avails of which, when paid, should be applied on said note, to extend the time of payment of said note until the 20th day of December, A. D. 1866, for a portion of the same, and until the 15th day of January, A. D. 1867, for the balance thereof, that said note was payable by its terms on demand, and was not transferred to the plaintiff until about the 20th day of November, A.D. 1866, and that the plaintiff, before becoming the owner of said note, had notice of the extension of the time of payment of said note, as above alleged and set forth, and this said defendant is ready to verify. Wherefore he prays judgment," &c.

The plaintiff replied *de injuria*, and to this replication the defendant filed a general demurrer.

*A. C. Ballard* and *H. Ballard*, for the plaintiff.

I.  1. The replication, *de injuria*, is allowable at common law, in actions *ex-contractu*, and is sufficient and proper where the plea sets up matter in excuse of the breach of the contract. *Marshall* v. *Aiken*, 25 Vt. 327.

2. All cases where the promise is denied, except by denying the hand-writing, are properly matter of excuse for the non-performance of the promise. *Noel* v. *Rich*, 2 C. M. & R. 363.

3. The cases that hold this replication bad in actions *ex-contractu*, are distinguishable from this in that the pleas in those cases do not set up matter in excuse of the breach of contract, but deny some material allegation of the declaration, or set up matter amounting to a discharge or a like defense. 2 C. M. & R. 355; 8 M. & W. 673; 3 M. & W. 230; 7 M. & W. 314; 5 M. & W. 669; 25 Vt. 333.

II. The replication is sufficient under the statute. Gen. Stat., ch. 33, § 16; *Austin* v. *Chittenden*, 32 Vt. 168.

III. If the replication is bad, it is so, only for cause shown on special demurrer.

1. If *de injuria* is improperly used, the objection at common law is matter of form only, and is aided on general demurrer. 1 Chitty's

Pl. 662 & 621; *Parker* v. *Riley*, 3 M. & W. 230; *Allen* v. *Kimball*, 23 Pick. 477; *Mason* v. *Peters*, 4 Vt. 101.

IV. The plea is bad, because it does not appear that the defendant is a party to the agreement therein set up, nor that the consideration thereof moved from him, whereby it may be inferred that the promise was made to him, nor does it appear that the agreement was entered into for his benefit. 1 Chitty's Pl. 302; *Price* v. *Easton*, 4 B. & Ad. 433; 24 E. C. L. 96; *Hall* v. *Huntoon*, 17 Vt. 251–2; 1 Gray, 321.

V. The plea is bad, as it does not show a sufficient consideration for the agreement. *Marshall* v. *Aiken*, 25 Vt. 332.

*Leverett B. Englesby*, for the defendant.

The replication, *de injuria*, is unusual, though sometimes allowable in actions of assumpsit.

It is only allowable between the original parties to the contract, the breach of which is complained of, and when the defense admits the cause of action, and alleges matter in excuse of performance. Crogate case, 8 Rep. 66; *Griffin* v. *Yates*, 29 Eng. C. L., 430; *Schild* v. *Kilpin*, 8 M. & W. 673, and cases cited; 3 Sand Rep. 295, n. a.

The replication, in substance, is that the defendant *neglected* to perform the contract alleged in declaration, without the *cause*, &c.

The plea denies that any such contract ever existed between plaintiff and defendant, as the one alleged. Hence the replication fails to answer the plea.

The opinion of the court was delivered by

WILSON, J. This is an action on a promissory note. The questions presented for adjudication arise upon a general demurrer to the plaintiff's replication to the defendant's plea in bar. The plea admits the making of the note and the transfer of it to the plaintiff. It sets up as matter of defense, the alleged agreement to extend the time of payment, which amounts to nothing more than matter of excuse for not paying the note according to its terms. This being the nature of the plea, the replication *de injuria* is allowable and sufficient under a general demurrer, even at common law. The

allegations traversed by the replication are, first, the agreement to extend the time of payment, and second, notice thereof to the plaintiff. Both of these points are put in issue by the replication, but duplicity in a replication is aided, unless the defendant demur specially, pointing out the particular defect. But we think this replication is authorized by section 16 of chapter 33 of the general statutes. That section provides that "the party against whom matter is specially pleaded in confession and avoidance in answer to matter by him antecedently alleged, may, by a general form of denial, traverse and put in issue all the material facts so pleaded by the other party." This statute has altered and modified the common law rule of pleading in respect to the matters referred to, so that the plaintiff is not compelled to confine himself in his replication to a denial of a single material fact, as at common law, but may deny all the material facts alleged in the plea against him, and put the defendant upon the proof of them. *Austin* v. *Chittenden*, 32 Vt. 168. In this case the agreement to extend the time of payment, with notice thereof to the plaintiff, is the special matter set up in the plea in excuse of the breach of contract on which the plaintiff seeks to recover. The replication *de injuria* is a traverse of, and puts in issue all the material facts alleged in the plea; it is a sufficient *general form of denial* under the statute, and we think it would be sufficient under the statute even on special demurrer.

2. It is insisted by the plaintiff's counsel that the plea is bad, because it does not appear that the defendant is a party to the agreement set up, nor that the consideration moved from him, nor that the agreement was entered into for his benefit. As to this objection, it is obvious that the plea is defective in form, but on the whole, we think the law would imply that agreement was made between the parties to the note at that time, and on this ground we hold the plea is in this respect sufficient on general demurrer.

It is further claimed by the plaintiff's counsel that the plea does not show a sufficient consideration for the alleged agreement. The plea alleges that the agreement was made "in consideration of certain valuable securities then placed in their hands as collateral security for the payment of said note," which we think is sufficient on

general demurrer. The demurrer to the replication affects the plea to the same extent as if the plaintiff had demurred to it generally. By a general demurrer the plaintiff would admit they were "*valuable securities*" placed in the hands of the owners of the note for the purpose named in the plea. If the plaintiff would take advantage of any formal defect, he should have demurred specially.

The judgment of the county court is reversed and the cause is remanded.