LAWRENCE BRAINERD v. THOMAS C. STEWART, GILMAN ESTY AND WILLIAM JOSLYN.

*Scire facias.   Recognizance.   Statute of Limitations.*

In actions of *scire facias* upon the official recognizance of a sheriff and his sureties, the period of limitation is six years after the cause of action accrued.

Such actions are not founded upon a judgment nor a specialty, and are therefore not within the provisions of sec. 10, chap. 61, Comp. Stat. p. 379, fixing the limitation at eight years.

SCIRE FACIAS against the defendants upon their recognizance as sureties for the faithful discharge of the duties of sheriff of Orleans county, by one Strong. The cause of action set forth in the declaration was the recovery by the plaintiff of a judgment against Strong for official neglect as sheriff during the year for which the defendants had become recognized as his sureties, which judgment was still unsatisfied.

The defendants pleaded three several pleas that the plaintiff's cause of action did not accrue within four, six and eight years respectively next before the commencement of this suit.

To the first and second pleas the plaintiff demurred; and to the third plea which alleged that the cause of action did not accrue within eight years, the plaintiff replied that within eight years after the cause of action accrued, Strong left this State, and had ever since remained away from it, and had left no known property therein.

To this replication the defendant demurred.

The county court at the June Term, 1860,—POLAND, J., presiding, adjudged the replication insufficient, and rendered judgment for the defendants, to which the plaintiff excepted.

————, for the plaintiff.

*Edwards & Stewart,* for the defendants.

PIERPOINT, J. This is a *scire facias* brought against the defendants as sureties in the recognizance taken to secure the

Brainerd *v.* Stewart et al.

faithful discharge of the duties of one E. G. Strong as sheriff of Orleans county.

The defendants have interposed three several pleas of the statute of limitations : 1st, That the cause of action did not accrue within four years; 2d, not in six years ; 3d, not in eight years. To the 1st and 2d the plaintiff demurred, and to the 3d replied. To the replication the defendant demurred. Upon the hearing the principal question discussed was as to the sufficiency of the 3d plea.

It is insisted on the part of the defendants that a proceeding by *scire facias* on a recognizance, comes within the provisions of sec. 10, chap. 61, Comp. Stat., limiting real and personal actions ; that it is in fact a proceeding upon a judgment. The language of that section is : " All actions of debt or *scire facias* on judgment shall be brought within eight years next after the rendition of such judgment, and all actions of debt on specialties, within eight years after the cause of action accrued, and not afterwards." Is a sheriff's recognizance a judgment within any legitimate meaning of that term ? We think it clearly is not. It is an obligation of a higher nature than a simple contract, or a bond, and in some respects is as conclusive as a judgment, but it has not even the merit of having been entered into before a judicial tribunal ; the statute requiring it to be entered into before a judge of the county court. When entered into it cannot be enforced in any other manner, or by a proceeding more summary or stringent, than any other obligation ; it is in the nature of a record debt, that can be made available as a security to the parties that have a right to resort to it, only by instituting proceedings upon it that shall result in the rendition of a judgment against the parties to it that can be enforced by execution like all other judgments ; and whether the proceeding be by an action of debt, or *scire facias*, a judgment is to be rendered thereon, as the basis of further proceedings, and such judgment has a power and vitality tending towards the accomplishment of desired results, that a recognizance never possesses. In short a sheriff's recognizance has none of the qualities that are necessary to bring it within the legal or popular signification of the term judgment ; and we think it would be doing violence to all rules of construc-

tion applicable to cases of this kind, to hold that a recognizance comes within the letter or spirit of the statute limiting preceedings upon judgments.

Does such a recognizance come within the meaning of the term "specialty" as used in this section? Tomlins in his law dictionary defines a specialty "as a writing or deed under the *hand* and *seal* of the parties," and says these are looked upon as the next class of debts after those of record, being confirmed by special evidence *under seal.* Bouvier says "a specialty is a writing sealed and delivered." Although in the body of the writing it is not said that the parties have set their hands and seals, yet, if the instrument be really sealed, it is a *specialty*, and if it be not sealed it is not a *specialty.* Webster and Worcester both give a similar definition. Parsons in his work on contracts, speaks of specialties as "contracts under seal." Indeed we apprehend it is universally understood that by the word specialty is meant a sealed instrument, and in that sense undoubtedly it was used in the section under consideration. As a recognizance is not a sealed instrument or obligation; such liabilities cannot by any fair interpretation be included under that head, and thus brought within section 10 of the statute of limitations.

On the part of the plaintiff it is insisted that there is no statute in this State limiting proceedings by *scire facias* on a recognizance. If such is the case there would seem to be an oversight in legislating on this subject. The policy seems to have been to fix some limit to all forms of action at law brought to enforce every species of legal obligation; but whether that class of cases have really been omitted is a question that it may not be necessary for us now to determine. The question before us is whether the case at bar comes fairly within any of the provisions of the statute, so that effect can be given to the defence set up. By the 5th section of our statute of limitations it is provided that "all actions of *debt* founded upon any *contract, obligation, or liability not under seal*, excepting such as are brought upon the judgment or decree of some court of record of the United States or of this or some other State," shall be commenced within six years next after the cause of action accrued. This section is clearly broad enough in its terms to cover every species of contract or obliga-

tion on which the action of debt can legally be brought, except contracts under seal or specialties, and judgments. As we have already seen a recognizance is not a specialty, or a judgment, consequently if an action of debt had been brought on the recognizance in this case it would unquestionably have come within the provisions of the 5th section, and the defendant's second plea on demurrer would have been a perfect defence to the plaintiff's action. Can it be made equally available as a defence in *this* form of action ?

In chap. 28, Comp. Stat. secs. 56, 57 and 58, a mode of proceeding to enforce a sheriff's recognizance is pointed out, and the right to sue out a *scire facias* on the recognizance is given. In section 58 it is also provided that " the defendant in such *scire facias* may make *any defence,* or take any advantage, on the *scire facias* that could have been made, or taken, had an action of *debt* been brought on such recognizance." This places the proceeding by *scire facias* in cases of the present character, on the same ground as though the party had resorted to an action of debt, so far as the right to interpose the statute of limitations as a defence is concerned. Under the view we have thus taken of the subject, the second plea undoubtedly sets up a good defence to this proceeding, and although the arguments have been based mainly on the third plea, still as the pleadings stand, if either is good, that is sufficient to sustain the judgment below.

The judgment of the county court is affirmed.