## WILLIAMS v. HAINES.

1. **Contracts: SEALED INSTRUMENTS: DEFENSES.** By our statute the distinction which the common law made between simple contracts and those under seal is abolished, and want of consideration, either in whole or in part, may now be shown as a defense in all actions upon instruments made after the passage of such statute, whether made in this State or elsewhere.

2. —— **LAW OF FORUM.** It is accordingly held, in an action upon a sealed instrument executed in another State, where the common law rule as to sealed instruments prevailed, and where the consideration, if the action had there been brought, would not have been inquirable into, that our law would govern, as that of the forum, and that the defense of want of consideration might be made.

3. —— **REMEDY: CONSTITUTIONAL LAW.** Our statute allowing such defenses to sealed instruments is one relating to the remedy, and does not impair the obligation of the contract.

*Appeal from Jones District Court.*

SATURDAY, JUNE 12.

SEALED INSTRUMENTS: DEFENSES THERETO: OBLIGATION OF CONTRACTS: REMEDY: LAW OF FORUM.—Action by the payee against the maker of a promissory note. In addition to the usual averments, the petition alleges that the note was " executed by the defendant with a 'scroll' instead of a wafer, or other seal; that it was executed in Maryland, where the parties thereto then resided; that by the law of Maryland such an instrument was equivalent to and constituted a sealed instrument; and that the common law relating to sealed instruments prevailed in that State at the time of the execution of the note."

The second count in the answer pleads that the said note was executed by the defendant " wholly without any consideration whatever therefor."

The plaintiff demurred to this count in the answer, not on the ground of the insufficiency of the facts pleaded to show a want of consideration, but on the sole ground "that the said note being under seal, the consideration thereof cannot be inquired into under the common law prevailing in Maryland at the time of the execution of the note."

The District Court overruled the demurrer.  The plaintiff excepted, appeals, and now assigns this ruling as error.

*G. W. Field* for the appellant.

*C. R. Scott* for the appellee.

DILLON, Ch. J. — Respecting contracts under seal, the common law, except in certain special cases, conclusively presumes a consideration.  It will be taken as true that the instrument in suit is a sealed instrument, and that the common law as to sealed instruments prevails in the State of Maryland, in which the note was executed and where the parties thereto resided at the time.  Under the averments of the petition, the defense of want of consideration would not have been a good plea had the plaintiff brought suit against the defendant in the State of Maryland.  Such is the basis of the plaintiff's premises, and its correctness will not be controverted by us.  But the plaintiff has brought his action in the courts of Iowa, and must be content with such remedies as the laws of this State give him.  By statute (Rev. ch. 76) the important distinction which the common law made between simple contracts and those under seal is abolished.  In this country that distinction had ceased to have any philosophy or reason

1. CONTRACTS: sealed instruments: defenses.

Williams v. Haines.

to support it. Hence the legislature enacted that "the addition of a private seal to an instrument of writing should not affect its character in any respect," and that "the want or failure, in whole or in part, of the consideration of a written contract may be shown as a defense," etc.

Under this statute, want of consideration is inquirable into and is a good defense. The statute is broad, and does not except the cases of instruments executed in other States. It professes to apply to all instruments made after its passage, and it does apply to all such, whether made in this State or elsewhere, if they are sought to be enforced here.

This statute was in force at and before the time the note in suit was executed. As to the right of the legislature to change the common law rule no 2. —— law of forum. question can be made. The wisdom of the change in this particular is apparent. Certain it is that the legislature has declared in terms that the defense set up is available to the defendant. The plaintiff must take such remedy as our laws afford him. He has not a vested right in the courts of other States to all the common law incidents of contracts, provided the *obligation* of the contract be not impaired.

Respecting what shall be good defenses to actions in this State, its courts must administer its own laws and not those of other States. The common law rules do not so inhere in the contract as to have the portable quality ascribed to them by the plaintiff's counsel, much less can they operate to override the plain declaration of the legislative will.

Our act of the legislature, allowing the defense of want of consideration to be pleaded to all actions on subsequent 3. —— remedy: constitutional law. sealed contracts, is a matter relating to the remedy, and does not impair the *obligation* of

the contract within the meaning of the authoritative adjudications of the Supreme Court of the United States. *Sturgis* v. *Crowninshield*, 4 Wheat. 122 ; *Ogden* v. *Saunders*, 11 id. 213. See *Hawley* v. *Hunt*, *ante*, 183, and cases cited.

Cases standing upon the same principle as the one before us have been frequently decided. *United States* v. *Donnally*, 8 Pet. (U. S.) 361, 373 ; *Warren* v. *Lynch*, 5. Johns. 239 ; *Andrews* v. *Harriot*, 4 Cow. 508 ; *Thrasher* v. *Everhart*, 3 Gill. & Johns. 234 ; *Douglas* v. *Oldham*, 6 N. H. 150.                         Affirmed.