## FARNSWORTH *v.* GOODHUE.

### *Statutes.*

Statutes incorporating aqueduct companies, and granting rights of entry upon private property for the purpose of constructing the aqueducts, and such like statutes, are strongly derogatory of common right, and no cases should be brought within them except such as come within their terms by imperative necessity. Thus, where a statute incorporating such a company provided for entry upon any land through which it might be *necessary* for the aqueduct to pass, it was *held* in an action of trespass *qua. clau.*, that the statute was no justification, it not appearing that it was *necessary* to enter upon the *locus in quo.* ·

TRESPASS *qua. clau.*·  Pleas, the general issue, and justification as contractor under the St. Albans Aqueduct Company, a corporation chartered by the legislature for the purpose of supplying the village of St. Albans with water.  Replication, *de injuria.* Trial by the court, April Term, 1875, ROYCE, J., presiding.

It appeared that the defendant was contractor for building an aqueduct to supply the village of St. Albans with water, and that he was acting under a contract with the St. Albans Aqueduct Company at the time of the commission of the alleged trespass, and that the damages claimed in this action were done in crossing plaintiff's land with teams loaded with materials to be used in constructing said aqueduct on Thorp Avenue.  Plaintiff's land, upon which the acts of trespass complained of were committed, was within the incorporated limits of said village, and was improved meadow land, conveyed to him by Bradley Barlow on the 22d of July, 1872.  On the 5th of July, 1872, the selectmen of St. Albans laid out a highway through a certain field of said Barlow's, and in said deed from Barlow to plaintiff, the highway so laid out, called Upper Welden Street, was made the north boundary of the land conveyed, and stone posts had been erected to indicate the line and width of the street.  It further appeared that said highway had been plowed up, as part of the labor of working the same for travel, but had not been fenced, and that said highway at the time of the commission of the alleged trespass, was

27

miry, and not in a fit and proper condition for the transportation of said materials over it. The plaintiff's land was inclosed with a fence on the west side. It further appeared that the line of pipes for said aqueduct was within the surveyed limits of Welden Street and Thorp Avenue. The plaintiff made no claim that any damage was done on his land in the construction of the aqueduct on either of said streets.

The defendant offered in evidence the charter of said company, and claimed that by virtue thereof, the company had the right to enter upon the plaintiff's land, and draw the material over the same ; and that it was necessary to use it for the purpose of constructing said aqueduct, and offered evidence to connect himself with said company and its charter ; and claimed that the place in question came within the terms of said charter.

The court ruled that by said charter, no right of entry for the aforesaid purpose was given to said company until after the damages had been settled or ascertained ; and further, that if by the terms of said charter a right of entry for such purposes was given before settlement or ascertainment of damages, or security therefor was given, then said charter was unconstitutional, and in that respect void, and excluded the charter, and held that it gave no such right of entry upon plaintiff's land; and rendered judgment for the plaintiff for $50 damages and costs. To these several rulings defendant excepted.

*Davis & Adams*, for the defendant.

*A. G. Safford* and *Wilson & Hall*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J. There is no occasion to examine into or determine in this case any question concerning the constitutionality of the various provisions of the act incorporating this aqueduct company, for by the terms of the act it was to apply only to entering upon and using lands through which it might " be necessary for said aqueduct to pass," and it is neither expressly nor impliedly found that it was necessary for the aqduct to pass through this

land. No doubt there might have been land that the aqueduct would net itself actually touch, and still have been so situated that it would have been necessary to enter upon it, and if so, probably the statute would cover such a case of actual necessity. But such statutes are strongly derogatory to common right, and no cases can be brought within them except such as come within their terms with imperative necessity. This is not such a case, and the statute affords no justification of the entry.

Judgment affirmed.