## DYER P. SISSON *v.* DAVID S. NILES.

*Limitation of actions. Absence from the State.*

1. Questions as to the limitation of actions are determined by the law of forum.

2. The provision of R. L. s. 970 that absence of the defendant from the State may interrupt the running of the statute, applies only to absence from the State of Vermont.

Assumpsit for goods sold and delivered. Pleas, the general issue and statute of limitations. Heard upon defendant's demurrer to the plaintiff's replication to the second plea, at the December term, 1891, Tyler, J., presiding. Demurrer sustained and judgment for the defendant. The plaintiff excepts.

The plaintiff's replication alleged that the plaintiff had always resided in the State of New York, that the debt was contracted in that State, that the defendant had been continuously absent from and had no attachable property there.

*J. C. Baker*, for the plaintiff.

*Batchelder & Barber*, for the defendant.

The statute of limitations goes to the remedy merely and is determined by the law of the place where the suit is brought. Story Conf. Laws, 794; *Graves* v. *Weeks*, 19 Vt. 178.

The opinion of the court was delivered by

MUNSON, J. The plaintiff sues in this State upon a cause of action which accrued in the State of New York. The plaintiff was, at the time the cause of action accrued, and ever since has been, a resident of New York, and the defendant has not at any time since the cause of action accrued resided in that State, or had known property therein. The plaintiff relies upon these facts to avoid the defendant's plea of the statute of limitations.

Provisions of limitation pertain to the remedy, and questions of limitation are to be determined by the law of the jurisdiction where suit is brought. The modifying provision of our statute upon which the plaintiff relies, found in R. L. 970, does not cover the case presented. The clause in question must be read as applying to an absence from, and a want of property within, this State, and not to an absence from, and want of property within, the State where the cause of action accrued, if it accrued in another State. The allegations of the replication might avail the plaintiff if the suit were in New York, but they are not a sufficient answer here.

*Judgment in chief reversed pro forma with costs to defendant, judgment sustaining demurrer affirmed, and cause remanded.*