CHARLES H. WETMORE'S ADMR. *v.* JAMES L. KARRICK.

May Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 4, 1921.

*Statute of Limitations—Controlled by Law of Forum—Cause of Action Accruing in Another State of Which the Parties Were Then Residents.*

1. Since the statute of limitations affects the remedy only, whether an action is barred is determined by the law of the forum.

2. Where a cause of action accrued in another state and the parties thereto resided in such state at the time, the statute of limitations applies; the provisions of G. L. 1862 not extending to such a case.

ACTION OF CONTRACT on a promissory note. Plea, the statute of limitations. Trial by jury at the September Term, 1920, Chittenden County, *Butler,* J., presiding. At the close of the plaintiff's evidence the Court directed a verdict for the defendant. The plaintiff excepted. The opinion states the case.

*Edward H. Deavitt* and *John F. McKay* for the plaintiff.

*Max L. Powell* for the defendant.

WATSON, C. J. The promissory note, on which this action is based, is dated at Boston, Massachusetts, February 11, 1892, and payable three months after date to Charles H. Wetmore, at the office of the maker, James L. Karrick (the defendant), in Boston. At the time the note was given, also at the time when the cause of action accrued, both parties resided in that state. While they so resided, and before the statute of limitations had run, suit was there brought on the note and judgment obtained

therein against the defendant, but this judgment was finally held, by the Federal Supreme Court—reported in 205 U. S. 141, 51 L. ed. 745, 27 Sup. Ct. 434—to be void for want of due process of law. The judgment in the latter court was rendered in 1907, at which time the defendant had ceased to be a resident of Massachusetts and, so far as appears, had no attachable property therein.

[1] The present suit was brought in 1912, personal service of the writ being made upon the defendant in this State. Defendant pleaded the statute of limitations, and the plaintiff replied that neither by the statute of Massachusetts nor by the statute of Vermont was the action barred, and issue was joined thereon. But, unlike a statute extinguishing the liability, the statute of limitations affects the remedy only, and therefore whether the action is barred is to be determined by the law of the forum. *Cartier* v. *Page,* 8 Vt. 146; *Graves* v. *Weeks,* 19 Vt. 178; *Sisson* v. *Niles,* 64 Vt. 449, 24 Atl. 992.

[2] It is urged that the suit can be maintained, the defendant not having resided in this State the limitation period, relying on the provision of law (G. L. 1862) that if, after the cause of action accrues and before the statute has run, the person against whom it accrues is absent from and resides out of the State, and has no known property within the State which can be attached by common process of law, the time of his absence shall not be taken as part of the time limited for the commencement of the action. Yet the range of the provision so invoked is not such as to reach the case in hand; for, by the concluding and, in the circumstances of this case, controlling clause, the provisions of that section of the statute do not extend to a cause of action accruing in another state or government, when the parties thereto at the time of the accruing of such cause of action are residents of such other state or government. This clause was construed and the reason of the requirement given by this Court in *Troll* v. *Hanauer,* 57 Vt. 139; and it was again considered and applied in a case against this same defendant, *Trask* v. *Karrick,* 94 Vt. 70, 108 Atl. 846. The decision in the latter case was so recent that further discussion of the question at this time is superfluous. Following the law as declared in those cases, there can be no doubt that the statute of limitations applies and debars recovery in this action.

*Judgment affirmed.*