RESOURCE HOLDING CORPORATION *v.* CHARLES E. SCHOFF'S
ESTATE

October Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*S. S. Cushing* for the defendant.

*Wm. R. McFeeters* for the plaintiff.

THOMPSON, J. This is an appeal by the plaintiff from the
action of the commissioners of the estate of Charles E. Schoff in
allowing only one-fifth of its claim against the estate. There
was a trial in county court on an agreed statement of facts,

and a judgment was entered for the plaintiff for the full amount of its claim. The defendant excepted.

The plaintiff seeks to recover upon the following promissory note:

"$185,000.00.

New York, October 29, 1930.

Six months after date, for value received, we promise to pay to CHATHAM PHENIX NATIONAL BANK & TRUST COMPANY, Branch, at said Branch, one hundred and eighty-five thousand dollars, in funds current at the New York Clearing House, with interest from date at 5% per annum. * * *

(Signed) Chas. E. Schoff,
Joe Gill,
Fred H. Albee,
John Ringling,
A. C. Cummer."

It appears from the agreed facts that the commissioners allowed the claim for one-fifth of the amount due on the note, and that the defendant then claimed and now claims that the obligation was a joint one, and that the defendant is liable only for one-fifth of the amount due thereon.

The plaintiff's contention is set forth in the agreed facts as follows:

"The plaintiff claims that the obligation is one governed by the law of the State of New York, and that the law of New York, at the time of making said instrument was and at the present time is:

"Section 236 of the Debtor and Creditor Law of the State of New York, Laws of 1928, Chapter 833, which went into effect April 6, 1928, reads:

"'On the death of a joint obligor in contract, his estate shall be bound as such jointly and severally with the surviving obligor or obligors.'"

It appears in the agreed facts that the note in suit was "made and delivered in New York on the date named," that is, on October 29, 1930. It is, therefore, a New York contract, and the rights of the parties are to be governed by the law of that

jurisdiction, *Harrison* v. *Edwards,* 12 Vt. 648, 36 A. D. 364; *Barrett* v. *Kelley,* 66 Vt. 515, 29 Atl. 809, 44 A. S. R. 862; *Smith* v. *Anderson,* 70 Vt. 424, 41 Atl. 441; *Bishop & Co.* v. *Thompson,* 99 Vt. 17, 130 Atl. 701.

The defendant contends that what is stated in the agreed facts as to the law of New York appears to be a statement of the plaintiff's claim as to that law, and not a fact agreed to by the parties; that, if the liability of the defendant is to be governed by the law of New York, that law should have been proved as a fact in the case; but no proof of the same was made by the plaintiff.

It is stated in the agreed facts that the parties agree that if the contention of the plaintiff is sustained, the amount due on the note is a certain specified sum, but if the contention of the defendant is sustained, the amount due is one-fifth of that amount; and, "The court is requested on the basis of the facts set forth and taken as proven to find the law governing liability on said note, and to find the amount due thereon."

On May 28, 1932, the court rendered judgment on the agreed facts for the plaintiff to recover $131,769.15, the full amount of principal and interest then due on the note. It appears clearly from this judgment that the court held that the rights of the parties are governed by the law of New York, and that the law of that jurisdiction, as claimed by the plaintiff, and set forth in the agreed facts, is a statement of the fact, and is to be "taken as proven."

When the agreed facts are considered as a whole, the statement therein as to the law of New York is reasonably susceptible to the construction given to it by the court below, and there is no error in the judgment.

As both parties have fully briefed the question raised by the defendant, we have considered the same, although it does not appear in the record that it was raised below.

*Judgment affirmed. To be certified to the probate court.*