CORAL GABLES, INC. *v.* ALDO F. CHRISTOPHER.

November Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ.

Opinion filed January 5, 1937.

416

*Theriault & Hunt* for the plaintiff.

*Searles & Graves* for the defendant.

POWERS, C. J.   The plaintiff seeks to recover on a promissory note executed in Florida on October 30, 1925, on which the last payment was made on September 3, 1926.   The suit was brought on June 12, 1935.   The complaint counts upon the note and contains a copy of it.   The defendant's answer sets up our six-year statute of limitations as a bar to the action.   To this answer, the plaintiff demurs.

There appears on the face of the note after the defendant's signature, the printed word "seal" in parentheses.   The only question for our consideration is whether this is enough to make the note a specialty within the meaning of P. L. 1645.

The plaintiff claims that this question is to be determined by the Florida law and not by ours, and that, for this reason, the plea is not sufficient.   The defendant insists that the question must be decided by the laws of this State.

■ We agree with the defendant on this point. The note is, of course, a Florida contract; and the rights of the parties thereunder are to be established by the laws of that state. *Resource Holding Co.* v. *Schoff's Est.*, 105 Vt. 144, 145, 163 Atl. 768. But the plaintiff seeks its remedy in this State and under our laws. Having appealed to our laws, it must abide by our laws. Whatever pertains to the remedy is to be determined by the law of the forum alone. This is so because each state regulates its own jurisprudence in its own way. It has its own way of enforcing rights and redressing wrongs. This in no way depends upon what the parties have agreed to, but to the policy of the law of the forum as a matter of its internal police. The statute of limitations affects the remedy only, and the question whether this action is barred thereby is to be determined by the law of this State. *Pickering* v. *Fisk*, 6 Vt. 102, 108; *Cartier* v. *Page*, 8 Vt. 146, 150; *Graves* v. *Weeks*, 19 Vt. 178, 181; *Sisson* v. *Niles*, 64 Vt. 449, 450, 24 Atl. 992; *Wetmore's Admr.* v. *Karrick*, 95 Vt. 318, 319, 115 Atl. 234; Restatement, Conflict of Laws, § 603.

■ So, too, in cases where the validity of a seal affects the obligation of the contract sued on, and this is the question to be passed upon, it is to be decided by the *lex loci contractus,* Restatement, Conflict of Laws, § 335; but where the remedy sought on such contract depends upon the question whether it is sealed or unsealed, the sufficiency of the seal is to be tested by the *lex fori.* *Mandru* v. *Ashley*, 108 Md. 693, 71 Atl. 312, 314; *Andrews* v. *Herriot*, 4 Cow. (N. Y.) 508; *Woodbury* v. *U. S. Casualty Co.*, 284 Ill. 227, 120 N. E. 8, 13; *Williams* v. *Haines*, 27 Ia. 251, 1 A. R. 268; *Kirsh* v. *Lubin*, 131 Misc. 700, 228 N. Y. S. 94; *Bank of U. S.* v. *Donnally*, 8 Pet. 361, 8 L. ed. 974, 978; *LeRoy* v. *Beard*, 8 How. 451, 12 L. ed. 1151, 1158; 3 Beale, Conflict of Laws, 1620, 1621.

■ ■ That the instrument before us is not a common law specialty seems plain enough. A specialty in a common law sense is a writing sealed and delivered—a contract under seal. *Brainard* v. *Stewart*, 33 Vt. 402, 404. The common law required that a seal be of wax or a wafer or something which would take an impression. The word "seal" after a signature is not enough to make the instrument a specialty at common law. *Beardsley* v. *Knight*, 4 Vt. 471, 479. It is quite true that the

■

ancient dignity and importance of a seal has been much affected by statutes and long usage in some of the states, and the seal has been wholly abolished in others. Our own Legislature has modified the law of seals since the case last cited was decided. P. L. 35 provides that when the private seal of a person or corporation is required on an instrument or writing to make such instrument or writing legal and valid, such seal shall consist of "an impression * * * or the word 'seal' or the letters 'L. S.' opposite the signature."

The question before us comes down to a proper construction of this statute.

The defendant contends that it means just what it says; that is, that the word "seal" added to the signature is a valid seal only when it appears on an instrument which the law requires to be executed under the seal of the signer, like a deed, for instance. The plaintiff maintains that the section means just what it would if it read, "when the private seal of a person * * * is required on an instrument or writing to make such instrument or writing legal and valid *as a sealed instrument*," etc.

That this statute is in derogation of the common law is plain enough, for it changes that law to a material extent at least. How far it changes it is the question we must decide. This depends upon the intention of the Legislature as expressed in the act creating the change. That "the intention of the lawmaker constitutes the law," *Atkins* v. *Fiber Disintegrating Co.*, 18 Wall. 272, 21 L. ed. 841, 844, is a terse and familiar statement of the rule governing the construction of statutory law. It is the pole star in the construction of a statute. *Simonds* v. *Powers' Est.*, 28 Vt. 354, 355. To aid in ascertaining that intention, certain rules have been adopted, one of which, predicated upon what is regarded as a matter of wise policy, is that statutes in derogation of the common law are to be strictly construed. While it is true that Judge Rowell in *Dewey* v. *St. Albans Trust Co.*, 57 Vt. 332, 337, says that this rule has been considerably relaxed in modern times, and even suggests a doubt of its application in this jurisdiction, he immediately subscribes to the proposition that "the rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." This proposition has been repeatedly reiterated and approved. *State* v. *Shaw*, 73 Vt. 149, 171, 50 Atl. 863; *State* v. *Central Vermont Ry. Co.*, 81 Vt. 459, 462, 71

Atl. 193, 21 L. R. A. (N. S.) 949; *State* v. *Hildreth,* 82 Vt. 382, 384, 74 Atl. 71, 24 L. R. A. (N. S.) 551, 137 A. S. R. 1022, 18 Ann. Cas. 661; *In re Dexter,* 93 Vt. 304, 312, 107 Atl. 134. See, also, *Farnsworth* v. *Goodhue,* 48 Vt. 209, 211, wherein Judge Wheeler, in referring to a statute incorporating an aqueduct company and granting it the right of entry upon private property, said that such statutes "are strongly derogatory of common right, and no cases can be brought within them except such as come within their terms with imperative necessity." This expression, "common right," be it remembered, as there used, comes down to us as a term of art from the ancient common law, and refers to the rights that are afforded by the common law. Indeed, the common law, itself, was sometimes spoken of as the "common right." *Ex parte Jennings,* 6 Cow. (N. Y.) 518, 548, 16 A. D. 447; *Spring Valley Water Works* v. *Schottler,* 62 Cal. 69, 107; *Strother* v. *Lucas,* 12 Pet. 410, 9 L. ed. 1137, 1147.

So, while we think the rule under discussion still has a place in the law of this jurisdiction, it makes little, if any, practical difference whether Judge Rowell's warning is heeded or not. For if the rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language, as he said, or if no cases can be brought within statutes derogatory of the common law except such as come within their terms with imperative necessity, as Judge Wheeler said, such statutes are, of necessity, to be given a strict construction.

The rule of strict construction of such statutes is very generally adopted. A few of the cases now at hand may be here referred to. Thus it is said that a statute in derogation of the common law, or which affects a common law right, will be strictly construed, and will not change the common law or common law rights, unless an intention to effect such change plainly appears from the express words of the statute or by necessary implication. *Concrete Steel Co.* v. *Metropolitan Casualty Ins. Co.,* 95 Ind. App. 649, 173 N. E. 651, 654; *Stamford* v. *Fisher,* 140 N. Y. 187, 35 N. E. 500, 501; *McDonnell* v. *Murnan Shipbuilding Corp.,* 210 Ala. 611, 98 So. 887, 889. Such statutes "cannot be extended beyond the words used," says the United States Supreme Court. *Brunswick Terminal Co.* v. *National Bank,* 192 U. S. 314, 316, 48 L. ed. 491, 493, 24 Sup. Ct. 314, 316.

■ Since this case was argued, the November number of the *Harvard Law Review* has come to hand. It contains (p. 4) an interesting and instructive article on the "Common Law in the United States," by Mr. Justice Stone of the Federal Supreme Court. Therein, he makes reference to what he evidently regards as the hostile attitude of the courts to acts of the Legislatures. He gives approval (p. 15) to the idea that "a statute is not an alien intruder in the house of the common law, but a guest to be welcomed and made at home there as a new and powerful aid in the accomplishment of its appointed task of accommodating the law to social needs." He appears to regret that we cannot revise *ab initio* our philosophy of interpretation of statutes, but suggests that we can give them a more hospitable reception as an aid to judge-made law, can turn to better account than we have our theory that statutes are commands, and "the illusion that in interpreting them our only task is to discover the legislative will." If this means, as it seems to, that the true function of the court is not only to ascertain the intent of the Legislature, but also to expand that intention, and by construction, make it apply to and affect cognate and related cases not within the terms of the act in question, it would result in a complete overturn of the established theory of statutory construction, and very largely increase the output of judicial legislation. Whether such results would be desirable we need not now consider. We are satisfied that no court has yet given approval to such theories. Certainly, that is not the law of this court. It is not the law of the great court of which Mr. Justice Stone is a distinguished member. This appears from what we have already said and from the cases already cited, to which we may add *Brown* v. *Barry*, 3 Dall. 365, 1 L. ed. 638; *Ransom* v. *Williams*, 2 Wall. 313, 17 L. ed. 803; *Ross* v. *Jones*, 22 Wall. 576, 22 L. ed. 730, 735; *Nudd* v. *Burrows*, 91 U. S. 426, 23 L. ed. 286, 290.

■ We are unable to say that the Legislature intended that the provisions of P. L. 35 should apply to cases not within its terms. If it had, it would have been a very simple matter to have expressed it in the act. It is very plain that the note before us is not covered by the terms of the act, and under the rule herein discussed we cannot construe the act in a way to include it.

■ We hold, therefore, that the six-year limitation was well pleaded, and the judgment was correct.

■ In reaching this conclusion, as must be obvious, we have not touched the validity of this note as an outstanding obligation, or the enforceability of it in any other jurisdiction. It remains a *prima facie* valid note and may be sued on in Florida or in any other jurisdiction where it is not barred by lapse of time.

*Judgment affirmed.*