LOUIS SNYDER *v.* CENTRAL VERMONT RAILWAY, INC.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1941.

*Horace H. Powers* for defendant.

192

*Fenton, Wing & Morse (John D. Carbine* and *James T. Haugh)* for plaintiff.

JEFFORDS, J. The plaintiff, a resident of Rutland County, alleges that he was injured in a grade crossing accident which happened in the town of Sheldon in Franklin County. He brought this suit to the Rutland County Court. The defendant filed a special plea setting forth that the said court has no jurisdiction of the action because the defendant does not now and never has owned or operated any line of railroad in Rutland County. To this plea the plaintiff filed a general demurrer which was sustained *pro forma* and the cause passed to this Court under the provisions of P. L. 2072.

The result here reached depends on the construction to be given to P. L. 1565 which reads as follows:

> "Actions before the county court shall be brought in the county in which one of the parties resides, if either resides in the state; otherwise the writ, on motion, shall abate; if neither party resides in the state, the action may be brought in any county, but actions of ejectment and actions in tort for trespass on the freehold shall be brought in the county in which the lands lie. An action brought by a domestic railroad corporation to the county court shall be made returnable either in the county in which such corporation has its principal office for the transaction of business, or in the county in which a defendant resides; and an action or suit brought in the county court, in which such corporation is defendant, may be brought in any county in which a road owned or operated by such corporation is located."

The defendant claims, in effect, that the last clause in the statute is mandatory and not permissive, or, in other words, that "may" as therein used should be construed as meaning "must." It says the legislative history of the statute supports its contention.

In determining whether the word "may" when used in a public statute is to be construed as imposing an absolute

duty or merely a discretionary power the general rule of statutory construction that the true intent and purpose of the Legislature should be carried into effect should be applied. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions and in ascertaining the intention of the Legislature the history of the statute in question becomes material. *Joy, Executor* v. *Swanton Savings Bank & Trust Co.*, 111 Vt. 106, 10 Atl. 2d. 216, and cases cited therein.

██ The provisions of P. L. 1565 relating to venue generally of county court actions were enacted prior to those having to do with such actions in which a railroad corporation is a party. See R. 1787, p. 27. The clause in P. L. 1565, which is the one here pertinent, governing actions in which such corporation is a defendant was enacted as No. 20 of the Acts of 1853 and the provision applying when a railroad is the plaintiff came into effect as No. 6 of the Acts of 1857.

██ Nothing can be drawn from the history of sec. 1565 which would compel the inference that the Legislature intended other than the ordinary or permissive meaning to be given to "may" in the act passed in 1853. It is apparent that the object of this enactment was to enlarge, rather than restrict as claimed by the defendant, the venue of county court actions in which railroad corporations are named as defendants. To hold that the Legislature intended to prefer railroads over all other defendants in the matter of venue would violate all bounds of reason and common sense. As bearing on the construction to be given to "may" in the statute of 1853 it is significant that in the later act of 1857 when the Legislature came to deal with actions in which a railroad is plaintiff the word "shall" was used. This would indicate an intention to differentiate between the rights of a plaintiff as to venue when a railroad corporation is the defendant and such rights when a corporation of that kind is the plaintiff. In the first instance a word of permissive meaning is used and in the later one of restrictive import. It is only reasonable to assume that this use of the different words was intentional. It would seem that this Court in *Conn. & Passumpsic Rivers R. R. Co.* v. *Cooper*, 30 Vt. 476, 73 Am. Dec. 319, entertained the same views as to the meaning of No. 20 of the Acts of 1853 as are herein expressed. Redfield, C. J., at page 480 states

in referring to this act that it allows actions against railway companies to be brought in any county into which their route extends. "Allow" and "permit" are synonymous and are often used as convertible terms. See Webster's International Dictionary, 2d. ed.

In view of what we have already held it is unnecessary to consider the questions raised by plaintiff's special demurrer.

*Judgment affirmed and cause remanded.*