STATE OF VERMONT *v.* HAROLD FROTTEN.

(53 A2d 52)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 24, 1947.

*Reuben Levin* for the respondent.

*James S. Holden,* State's Attorney, and *Clifton G. Parker,* Attorney General, for the State.

SHERBURNE, J. The only exception relied upon is to the statement of the Attorney General in his argument to the jury that, "he organized riots, fomented fights," and nothing is here claimed for the last two words of the statement. The objection made below and here was that the statement was not warranted by the evidence. The State, however, argues that the statement was warranted by the testimony of Dr. J. C. O'Neil, a witness called by the respondent, and who testified on direct examination that the respondent stated to him "that when he went to the Wrentham State School he didn't like the place and didn't get along well there and did everything he could to make trouble. He said he recog-

nized his plight and started fights with the other boys and got the other boys fighting among themselves * * *".

Whether an improper argument is of such a nature as to require a reversal depends upon the attending circumstances and there is little profit in comparing one case with another; and, assuming the impropriety, prejudice must affirmatively appear if the exception is to be sustained. *State* v. *Parker,* 104 Vt 494, 500, 162 A 696; *State* v. *Schoolcraft,* 110 Vt 393, 396, 8 A2d 682.

The respondent argues that the first three words in the statement refer to riots as defined by statute in Massachusetts or as defined at common law, and charge the commission of an offense not disclosed by the evidence. We cannot assume that the jury knew of the technical definition of a riot at common law or in Massachusetts. They may have thought that a riot was simply disorderly behavior. That is one of the definitions given in Webster's New International Dictionary. In this sense starting fights with the other boys and getting them to fight among themselves was "organizing riots". Prejudice is not made to appear, and the exception is not sustained.

Only one other exception has been briefed, and that was waived at the hearing.

*It is therefore considered that judgment ought to be and it is rendered upon the verdict. Let sentence be imposed and execution thereof done.*