Cheshire,
No. 4987.

FRANKLIN C. BARRETT *v.* BOSTON & MAINE RAILROAD.

Argued December 5, 1961.

Decided March 6, 1962.

*McLane, Carleton, Graf, Greene & Brown* and *Peter Guenther* (*Mr. Guenther* orally), for the plaintiff.

*Burns, Bryant & Hinchey* and *E. Paul Kelly* (*Mr. Kelly* orally), for the defendant.

WHEELER, J. The question presented is whether the Vermont statute of limitations of three years controls the right of action here or the statute of limitations of this jurisdiction (RSA 508:4) which provides a six-year period of limitation for actions of negligence.

The pertinent Vermont statute of limitations (Vt. Stats. of 1947 sec. 1690) provided: "Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:

"I. Assault and battery;

"II. False imprisonment;

"III. Slander and libel;

"IV. Injury to the person suffered by acts or default of another;

"V. Damage to personal property suffered by the act or default of another."

It is a general principle that limitation of actions is a procedural matter and if an action is not barred by the statute of the forum it may be maintained although barred in the jurisdiction where the cause of action arose. *Connecticut &c. Co.* v. *Railroad*, 78 N. H. 553, 557; *Smith* v. *Turner*, 91 N. H. 198; *Potter* v. *Lefebvre*, 95 N. H. 482; Restatement, Conflict of Laws, *s.* 604. Vermont likewise is in accord with this general rule. *Coral Gables* v. *Christopher*, 108 Vt. 414; *Wetmore's Admr.* v. *Karrick*, 95 Vt. 318.

The defendant concedes this to be the general rule but contends that the Vermont statute of limitations while not creating a new liability should be construed as a statute of extinguishment which bars not only the remedy but also the right of action. It is true as

argued that the rule that the prescriptive law of the forum governs is not without exception but these exceptions generally lie in the narrow field of rights created by statute as distinguished from common-law rights and which expressly limit the time in which the right created may be asserted. *Dupuis* v. *Woodward*, 97 N. H. 351; *Kozan* v. *Comstock*, 270 F. 2d 839, 841 (5th Cir. 1959); *Bournias* v. *Atlantic Maritime Company*, 220 F. 2d 152, 155 (2d Cir. 1955); 11 Am. Jur., Conflict of Laws, s. 194.

While the general rule that the law of the forum must govern the remedies, as distinguished from the rights, of the parties has been criticized, it is nevertheless firmly established in our law. See 63 Harv. L. Rev. 1177, 1187. Since the right asserted here is founded on a common-law cause of action we think the Vermont statute of limitations is one of a general class relating only to the remedy and not intended to extinguish the right of action. It can have no extraterritorial effect. *Smith* v. *Turner*, 91 N. H. 198.

Lastly, the defendant contends that if it is determined that our statute of limitations controls it would place an undue burden on interstate commerce in violation of Article I, section 8, United States Constitution.

The cases cited by the defendant in support of this position do not apply to the facts in the case before us. Here as distinguished from *Davis* v. *Farmers Co-operative Co.*, 262 U. S. 312, cited by the defendant, the plaintiff was a resident of this state and it is common knowledge that the defendant operates a railroad in this state. In light of these circumstances it cannot be said that any undue burden will be placed on interstate commerce by requiring the defendant to defend the action in this jurisdiction. See *Barnett* v. *Texas & P. Ry. Co.*, 145 F. 2d 800 (2d Cir. 1944).

The statute of limitations of this jurisdiction governs the remedies in this action.

*Remanded.*

All concurred.