**James CHIASSON**

v.

**R. E. A. EXPRESS COMPANY.**

**Civ. A. No. 2587.**

United States District Court
D. New Hampshire.

Nov. 21, 1966.

Batchelder & Murphy, Walter L. Murphy, Plymouth, N. H., for plaintiff.

Sulloway, Hollis, Godfrey & Soden, Lawrence E. Spellman, Concord, N. H., for defendant.

CONNOR, District Judge.

The plaintiff, James Chiasson, administrator for the Estate of Dennis Joseph Chiasson, his brother, has brought an action for the alleged wrongful death of the deceased arising out of a collision between the defendant's truck and the deceased's motor vehicle, on July 30, 1964, in Vinton, Louisiana. Jurisdiction has been alleged under 28 U.S.C.A. § 1332 by reason of diversity of citizenship and a claim in excess of $10,000.

The defendant has moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint on the grounds that the plaintiff is not a legal entity for purposes of this alleged cause and that the plaintiff has no capacity to bring suit in consequence of the death of his alleged decedent. The defendant's contentions can be reduced to the following proposition, namely, that under Louisiana law the plaintiff is given no cause of action on which to base this suit.

This suit is allegedly based on Article 2315 of the Civil Code of Louisiana (1961 ed.) which is quoted in full in the margin.[1] It appears from paragraph #5 of the complaint that damages are sought to be recovered under paragraphs #1 and #3 of Article 2315 which, in effect, grant to certain named survivors the right to recover for the wrongful death of a deceased if the suit is brought not later than one year from the date of death.

■ The instant suit is brought by the deceased's brother in his capacity as administrator for the deceased's estate and not in his individual capacity. The highest court of Louisiana in construing Article 2315 has stated: "Article 2315 limits the rights given therein to the parties mentioned in the article. Nowhere in the said article are the said rights given to the administrator of a succession, nor to a creditor, nor to an uncle of the deceased." Young v. McCullium, 74 So.2d 339, 340 (La.App. 1954). Therefore, under Louisiana law, the plaintiff as administrator has no cause of action on which to base this suit.

The plaintiff contends, however, that according to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an individual acting in a representative capacity to sue or be sued is to be determined by the law of the state in which the District Court is held, with certain exceptions that are not applicable to this suit. Since New Hampshire permits an administrator to bring a wrongful death action, the plaintiff contends that he is entitled to bring this action in this District Court.

■ The Court is of the opinion that the plaintiff's argument overlooks the distinction between the capacity of an individual to sue and the cause of action or right upon which the suit is based. Although New Hampshire law permits an administrator to bring a wrongful death action where such a cause of action exists, Article 2315 of the Civil Code of Louisiana as interpreted by its highest court provides that such a cause of action does not exist except for certain specified individuals. Furthermore, the Supreme Court of New Hampshire in Ghilain v.

---

1. Article 2315 of the Civil Code of Louisiana (1961 ed.):

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.

The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

As used in this article, the words "child", "brother", "sister", "father", and "mother" include a child, brother, sister, father, and mother, by adoption, respectively.

Couture, 84 N.H. 48, 50, 146 A. 395, 65 A.L.R. 553 (1929) stated: "In claims for death the nature of the right of action, and the party in whom it is invested, are fixed by the *lex loci delicti.*" The federal courts have also taken this position. In Kleinschmidt v. Universal Seafood Company, 201 F.Supp. 96, 98 (D.C. E.D.Pa.1961), the court stated: "Since, apparently, injury and death occurred in New Jersey, a Federal Court sitting in Pennsylvania must apply New Jersey law to determine whether a cause of action exists and the capacity of the party authorized to initiate proceedings." In Barnes v. Union Pacific Railroad Company, 139 F.Supp. 198, 200 (D.C.S.D. Idaho, 1956), the court stated: "The question of who may sue to enforce a claim for wrongful death arising in a foreign state is generally held to be one of substantive right, rather than one of mere procedure, and is thus governed by the lex loci." See also Betts v. Southern Ry. Co., 71 F.2d 787, 789 (4th Cir. 1934). Therefore, this Court now holds that, under the applicable Louisiana law, the plaintiff is not an individual in whom is vested the right to recover for the wrongful death of Dennis Joseph Chiasson.

At the hearing on this motion, the plaintiff stated that, if the Court came to the above conclusion, he reserved the right either to amend the complaint so that it would be brought for the benefit of the Estate of Augustin Chiasson, deceased father of the deceased Dennis Joseph Chiasson, or to amend the complaint by joining as parties plaintiff all the children of the deceased father, i. e. any brothers and sisters of Dennis Joseph Chiasson. These amendments cannot be allowed because of the statute of limitations in Article 2315.

█ █ Since wrongful death actions are statutory rather than common law causes of action, the one year limitation contained in Article 2315 is considered to be "substantive" and, therefore, applicable in this case. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1866); Bournias v. Atlantic Maritime Co., 220 F.2d 152 (2nd Cir. 1955); see also Barrett v. Boston & Maine R. R., 104 N.H. 70, 71–72, 178 A.2d 291 (1962). Dennis Joseph Chiasson died on July 30, 1964. According to Article 2315, his "surviving" father, Augustin, had the right to bring a wrongful death action because Dennis had no surviving wife or child. Augustin had a period of one year from the death of Dennis within which to commence the action, but he did not do so. The right to bring a wrongful death action for the death of Dennis ceased to exist after July 30, 1965. Therefore, when Augustin died on November 10, 1965, he had no right of action which was inheritable under Article 2315 by his legal heirs, i. e. the plaintiff and his brothers and/or sisters. Assuming that Augustin's estate could bring a wrongful death action, and the Court submits that Article 2315 does not lend itself to that interpretation, the fact remains that the statute of limitations had run before Augustin died and there was no cause of action on which his estate could base a suit.

█ The filing of this complaint on June 12, 1965, before the statute of limitations had run, did not toll the statute because the plaintiff had no cause of action on which to bring a suit. The complaint could not be perfected by Augustin's death because he died after the statute of limitations had run.

Since Augustin's estate has no cause of action and since Augustin's legal heirs have no cause of action, this case must be dismissed.

It is so ordered.