## State of Vermont v. Mae Bessie Barcomb

[385 A.2d 1089]

No. 58-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 4, 1978

*David G. Miller*, Franklin County State's Attorney, and *Edward D. Fitzpatrick*, Deputy State's Attorney, St. Albans, for Plaintiff.

*James L. Morse*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Defendant.

**Per Curiam.** This is an appeal from a conviction of simple assault. 13 V.S.A. § 1023(a)(1). The defendant contends that she was prejudiced by the admission of certain evidence irrelevant to the offense charged, specifically, evidence of previous acts such as complaints to police officers and other prior alleged assaults. The State argues that this evidence was introduced to rebut testimony elicited by defense counsel in his examination of a State's witness as well as the defendant's testimony "that she had never hit anybody."

We need not discuss the substance of the testimony or the State's claim of invited error, because a clear violation of our rule relating to the admissibility of testimony of previous conduct and offenses occurred on several occasions war-

ranting reversal. *State* v. *Levine,* 117 Vt. 320, 327, 91 A.2d 678, 682 (1952) ; *State* v. *Howard,* 108 Vt. 137, 151, 183 A. 497, 504 (1936).

■ Furthermore, the defendant's right to a fair trial was infringed when the prosecutor was permitted in his cross-examination of the defendant to bring before the jury statements which had been excluded previously by the court. These statements were allegedly made in a complaint to a state police dispatcher concerning the raking of leaves on her lawn by a neighbor's children a short time before the alleged assault. Reading from a state police log not made an exhibit in the case and misquoting testimony given by the dispatcher, the State's attorney asked the defendant whether she had stated, "Don't send Trooper Willey—hate his guts" and in reference to the children, "I'm going to break every damn bone in their bodies."

The defendant denied making the statements, and the State made no attempt to produce evidence that they were made in fact. These questions were in effect testimony by the prosecutor as to the acts of the defendant. They were prejudicial to the defendant and therefore should not have been admitted. *State* v. *Kerwin,* 133 Vt. 391, 394, 340 A.2d 45, 46 (1975).

*The judgment is reversed, and the sentence vacated. The cause is remanded for a new trial.*