HON. JAMES BARRETT,
HON. TIMOTHY P. REDFIELD,
HON. H. HENRY POWERS,
HON. WALTER C. DUNTON,

} ASSISTANT JUDGES.

---

### ANDREW J. CAPEN *v.* JOHN ·B. WOODROW.

*Evidence.   Burden of Proof.   Statute of Limitations.*

In debt on judgment of a court of another state rendered more than eight years before action brought, defendant gave notice of reliance on the Statute of Limitations, and on the fact that during more than eight years of that time he had resided in this state and had known attachable property therein. *Held,* that the allegation as to residence and the possession of property was surplusage as part of the defence, and needed not to be proved ; and that the burden was on plaintiff to prove whatever he relied on to show that the statute had not run.

DEBT on a judgment rendered by the Court of Common Pleas of Coos County, New Hampshire, at its May Term, 1857.   Pleas, *nul debit, nul tiel record,* want of jurisdiction in the court by which the judgment was rendered, and notice that the defendant would rely on the Statute of Limitations, on payment, and on

the fact that more than eight years had elapsed after the judgment was rendered and before suit brought, during which he had resided in the state and had known attachable property therein. Trial by jury, March Term, 1877, Ross, J., presiding.

The plaintiff introduced in evidence a certified copy of the record of judgment, and rested. The defendant also rested, claiming that he was entitled to a verdict; but the court ordered a verdict for the plaintiff; to which the defendant excepted.

*George N. Dale*, for the defendant, in support of the proposition that the statute had run, cited *Thorn* v. *Moore*, 21 Iowa, 285; *Whitefield* v. *Hill*, 5 Jones Eq. 316; *Campbell* v. *Boggs*, 48 Penn. St. 524; 14 Am. Rep. 586, 588.

*W. & H. Heywood*, for the plaintiff.

The burden of proof on the issue on the Statute of Limitations is on the defendant. 1 Greenl. Ev. ss. 74–81; Gen. Sts. c. 30, s. 32; *Leslie* v. *Harlow*, 18 N. H. 518; *Coches Manf. Co.* v. *Whittier*, 10 N. H. 305.

The opinion of the court was delivered by

REDFIELD, J. This action is debt upon a judgment rendered by the Court of Common Pleas of Coos County, New Hampshire, at its May Term, 1857. The defendant pleaded *nil debit, nul tiel record*, and several other pleas; and gave notice that he should rely upon the Statute of Limitations, and several other defences not specially pleaded. The plaintiff put in evidence a certified copy of the record of judgment, and rested his case. The defence also rested, and the court directed a verdict for the plaintiff, to which defendant excepted. It was more than eight years from the rendition of judgment to the institution of this suit, so the action did not accrue within eight years, and the action is barred, provided the statute began to run at the time the right of action accrued. The defendant avers in his notice that more than eight years had elapsed between the judgment and the institution of this suit, and that during all that time he resided in this state and had known attachable property in this state. It is a familiar rule in the trial

of cases that the party affirming in the pleading certain facts as the ground of recovery, or as a defence, takes the burden of proving his averments.

If this had been a domestic judgment, and the parties resident in this state, the ordinary plea of the Statute of Limitations would be sufficient, merely averring sufficient lapse of time since the right of action accrued to constitute the statute bar; and the plaintiff would be bound to take issue, or reply by averring those facts that would take the case out of the operation of the statute. The court will take notice of the time when the right of action accrued, sought to be enforced, as shown by the plaintiff's proof, and, when the suit was instituted, by the record itself. And if the plaintiff would insist that the statute bar has not accrued by reason of the disability of the plaintiff to sue, or because the defendant had been all the while without this state, and with no property within this jurisdiction accessible by the process of law, he must aver such facts by way of replication. And such has been the well-settled course of pleading in this state in actions founded upon judgments of other states. *Lapham* v. *Briggs*, 27 Vt. 26; *Stevens* v. *Fisher*, 30 Vt. 200; *Graves* v. *Weeks*, 19 Vt. 179. The statute, c. 63, s. 11, declares that "all actions of debt or *scire facias* on judgment shall be brought within eight years next after the rendition of such judgment, . . . and not afterwards."

The plaintiff's proof in this case established the fact that more than eight years had elapsed since the rendition of the judgment at the time this suit was commenced, and the action was, *prima facie*, barred. The plaintiff insists that as defendant had alleged in his notice, that the defendant had resided in this state more than eight years since such judgment was rendered and before the date of the plaintiff's writ, and that he during all that time had known property within this state, &c., the burden is upon him to prove his allegations. The statute allowing a written notice of the special facts relied upon in the defence, as a substitute for special pleas, was not intended to change the burden, and the order of proof. If the defendant had pleaded specially, that the action did not accrue within eight years, &c., and the plaintiff

Capen *v*. Woodrow.

would avoid the legal force of that lapse of time by infancy, coverture, or other disability of the plaintiff, or by acknowledgment, or partial payment of the debt, or that defendant was beyond seas, or without this jurisdiction, he must reply ; and the burden is upon him to prove such facts, under his replication, as would bring the case within the exceptions of the statute.

But, it is said that the defendant has alleged in his notice that he resided in this state, and had known property within the state, &c., and, therefore, the burden of proof was upon him to prove such facts. It is not necessary for the pleader to " allege more than will constitute, *prima facie*, a sufficient cause of action or defence. It is therefore unnecessary for a party to deny or avoid by *anticipation* all or any of the possible facts which might furnish a sufficient answer in law to his own allegations." Gould. Pl. 167. For, if such facts exist, it is for the *defendant* to allege and prove them, if relied on as a defence.

Such averments in the defendant's notice were unnecessary, and such unnecessary matter will be treated as *surplusage*, and rejected by the court. It is true, if defendant had stated in the notice, that he did not reside in this state, and had no known property within this state during said eight years, it would not be rejected, but treated as an admission on the record, that his plea was nugatory, and that he had no defence. Neither party is bound to prove more of their allegations, in pleadings, than sufficient to give, *prima facie*, a right of action, or constitute a defence. *Austin* v. *Chittenden*, 32 Vt. 168 ; Gould Pl. 154.

This action was not commenced within eight years after the rendition of the judgment, and the statute declares that it shall " not afterwards." The action was, therefore, *prima facie*, barred by the statute.

The result is that the judgment of the County Court is reversed, and case remanded.