## CONRAD TROLL v. SAMUEL HANAUER et al., AND TRUSTEE.

*Statute of Limitations, when not a Defence, the Cause of Action Accruing in another State. Bankruptcy.*

The Statute of Limitation—R. L. s. 970—is not a defence, when the cause of action accrued in another State, unless *both* parties resided there at the time the cause of action accrued; thus, the plaintiff resided in Ohio, and the defendants in Pennsylvania, when the debt was contracted, the residence of neither party having been changed; *Held*, that the statute was not a bar.

GENERAL ASSUMPSIT. Pleas, general issue and Statute of Limitations. Replication, bankruptcy, absence from the State, and that the cause of action accrued in another State. Heard by the court, on demurrer to the replication, September Term, 1883, Washington County, Ross, J., presiding. Demurrer sustained.

The plaintiff by his specification claimed to recover on the ground that, in 1871, he had signed as surety a note with the defendant, and at his request; and that he, plaintiff, was compelled to pay it when it matured in 1872.

*C. W. Porter*, for the plaintiff.

The provisions of the present statute can only apply in cases where the parties are residents of the same State or government, in which the cause of action rose.

When a party has neglected for an unreasonable time to enforce his rights in the State of his domicile, where the cause arose, and the other party resided, it is proper that such laches should preclude the enforcement of such rights elsewhere. But such a rule should not prevail when a party defendant is out of the jurisdiction and in another State. *Graves* v. *Weeks*, 19 Vt. 180; *Davis, Adm'r*, v. *Marshall*, 37 Vt. 71; 6 Vt. 127; Gen. St. c. 63, s. 15; R. L. s. 970; Laws of 1878, No. 32.

*Pitkin & Huse*, for the defendants.

The last provision of sec. 970, R. L., first came into our law by No. 13, Laws of 1854.

Before that time the saving of the Statute of Limitations by reason of absence from the State extended as well to non-residents as to inhabitants of this State. *Dunning* v. *Chamberlin*, 6 Vt. 127; Gen. St. c. 63, s. 15; Laws of 1869, No. 31; Laws of 1878, No. 32; R. L. s. 970.

The purpose of the act of 1854 was to prevent the enforcing in this jurisdiction of stale causes of action accruing without this State between non-residents wherever resident.

The verbal changes since made have not changed the law. They were made in revisions, and touch the dress and not the body of the law.

The opinion of the court was delivered by

Ross, J. The contention is, whether the plaintiff's repli-

cations are, either of them, a sufficient answer to the defendant's special plea, setting up the Statute of Limitations, that the causes of action did not accrue within six years next before the bringing of the suit. The first replication avers, among other things, that the cause of action accrued to the plaintiff in the State of Ohio, where he then resided, and ever since has resided; and that the defendants then resided, and ever since have resided, in the State of Pennsylvania. This replication is sufficient under sec. 970, R. L., which deducts from the time limited in which such actions may be brought, the time the person, against whom the cause of action accrues, is out of or absent from the State, having no known property in the State which can by the common process of law be attached, unless the provisions of the section are rendered inapplicable by the facts stated in the replication, bringing it within the last clause, or proviso of the section, which reads: "But the provisions of this section shall not extend to a cause of action accruing in another State or government, when the parties thereto at the time of the accruing of such cause of action are residents of such other State or government." The plaintiff contends, that this proviso of the section applies only when both parties to the action are residents of the State or government in which the cause of action accrues, at the time the cause of action accrues. The present wording of the proviso supports this contention. The word "such" before the words "other State or government," in which the parties to the cause of action are required to reside, naturally refers back to the single State or government in which the cause of action accrues, and requires that both of the parties should at that time be residents of that one State or government. There is reason in this requirement. Where both parties are residents of the State or government in which the cause of action accrues, the plaintiff has an opportunity to commence his action, and under the principles governing the Statutes of Limitations in all countries, the

statute begins to run against the cause of action if the plaintiff neglects to bring an action. But if the defendant, at the time the cause of action accrues, is a resident of another State or government, and has no known property in the State where the cause of action arises, the plaintiff is without opportunity to commence an action in the jurisdiction in which he has his residence, and so without opportunity to stay or prevent the running of the Statute of Limitations, if the statute applies in such a case. This construction of the proviso, we think, is supported by the course of legislation in regard to it. It was first enacted by act No. 13, of the Acts of 1854. That act provided, that the section in the Compiled Statutes in regard to the absence of the party, against whom the cause of action accrued, from the State, should not " extend to any cause of action which accrued in any other State or government, when the parties thereto, at the time such cause of action accrued, were residents of any other State or government." This, apparently, did not require that both of the parties to the cause of action should be residents of the same State or government. The compilers of the General Statutes, p. 508, sec. 15, added the act of 1854 as a proviso to the section of the Compiled Statutes affected thereby, so far as relates to the question under consideration, in the identical words of the act of 1854. But the legislature changed the language of the proviso, so that it read in the General Statute —Gen. St. 63, s. 15—as it does now in the R. L. s. 970. The change of the form of expression, in the last phrase of proviso, from " any other State or government," which is very general, to " such other State or government," which is special, and restricts the residence of the parties to the cause of action to the same State or government in which the cause of action accrues, is significant. But for an intentional change in the meaning to be given this phrase of the proviso, the expression used by the original act, and by the compilers in their report to the legislature, was as concise

and definite as that used by the legislature. The change could hardly have been made without design. We cannot, therefore, yield to the contention of the defendant, that no change in meaning was intended by the change in the language used in this part of the proviso. On this construction of the proviso to sec. 970 R. L., the facts averred in the plaintiff's first replication are a sufficient answer to the defendant's special plea.

The plaintiff has added a second replication, setting up the bankruptcy proceedings of the defendants, and their termination without a discharge to them. This replication was added, though in violation of the rules of pleading, as both parties desired the views of this court thereon in case the first replication should be held insufficient. Inasmuch as the first replication is adjudged to be sufficient, the consideration of the second replication, and the determination of its legal sufficiency, become immaterial, and no opinion is expressed thereon.

The *pro forma* judgment of the County Court is reversed, and judgment rendered that the plaintiff's first replication is sufficient, and the demurrer thereto overruled, and the cause remanded to be proceeded with in the County Court.