WILLIAM R. TRASK *v.* JAMES L. KARRICK AND HENRIETTA
BREWER KARRICK.

November Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 10, 1920.

*Limitation of Actions—"Residents" in G. L. 1862—Question of Law—Referee's Findings Inconclusive When Legal Conclusion—Maturity of Note as Affected by Sale Under Mortgage—Suit for Deficiency of Note After Foreclosure—Lex Loci.*

1. The term "residents" in the last clause of G. L. 1862, providing that the provisions of the section "shall not extend to a cause

of action accruing in another state or government, when the parties thereto at the time of the accruing of such cause of action are residents of such other state or government," means persons having such a. residence in · such other state at the time of the accruing of the cause of action that legal service of process could have been made upon them.

2. When the facts are admitted or proved, it is a question of law for the court whether the parties were residents of the state referred to.

3. Findings of a referee which are legal conclusions are without force.

4. A foreclosure sale under a mortgage providing that upon default of any part of its conditions the holder might sell the mortgaged premises at public sale, did not affect the maturity of a mortgage note not then due.

5. Where the parties to a note resided in Massachusetts at the time it was executed, but at the time of its maturity the maker had neither abode nor property in that state, the provisions of G. L. 1862 apply, and the maker's absence from this State prevents the running of the statute of limitations.

6. The *lex loci* is controlling on whether the holder of a note secured by mortgage can sue for the deficiency remaining after foreclosure of the mortgage.

ACTION OF CONTRACT on two promissory notes. Pleas, the general issue, special matter in defence, statute of limitations, and the bankruptcy of the defendant James L. Karrick. Heard on a referee's report at the September Term, 1918, Chittenden County, *Slack,* J., presiding. Judgment for the plaintiff against the defendant Henrietta Brewer Karrick, to which she excepted. The opinion states the case.

*H. S. Peck* and *E. C. Mower* for the defendant.

*Edward H. Deavitt* and *John F. McKay* for the plaintiff.

POWERS, J. The plaintiff seeks a recovery on two promissory notes. These were executed in Massachusetts, and were secured by a mortgage of real property in that state. They are dated April 2, 1894. One is for $5,000, and is payable October 1, 1894, with interest at five per cent. The other is for $20,000,

and is payable in or within two years from April 1, 1894, with semi-annual interest at five per cent. Both appear to be witnessed by James R. Carret, but, as will appear, the question whether they are to be regarded as witnessed notes is, as the case works out, immaterial. Interest was paid on these notes to October 1, 1894, since which time, nothing except the avails of the foreclosure sale, hereinafter referred to, has been paid on either. The defence mainly relied upon is the statute of limitations.

In the court below, the case was sent out to a referee, and when his report came in it was subject to one exception taken by the defendant Henrietta B. This was overruled, and judgment was rendered for the defendant James L. to recover his costs, and against the defendant Henrietta B. for the amount unpaid by the sale referred to, with interest and costs. The defendants are husband and wife, and the latter will be hereinafter spoken of as the defendant. When these notes were given all the parties thereto resided in Massachusetts; and at all times here material, the holder has resided there. But the Karricks removed from that state after the notes were given, and, as we shall see, it becomes important to determine when they ceased to be residents of that state. The referee regarded the question of residence as a mixed question of law and fact, and, having found the pertinent facts, submitted the question to the court. The defendant insisted that it was a question of fact, merely, and excepted to his failure to find and report it as such.

[1, 2] The terms "residence" and "resident" are used in various senses. We are here concerned, however, only with the meaning of the latter term as used in the last clause of G. L. 1862. The phrase "is absent from and resides out of the state" contained in the second clause of that section, was defined in *Hackett* v. *Kendall*, 23 Vt. 275, and its meaning shown to be such that if one leaves the state of his usual residence the question whether a change of residence is thereby effected depends upon whether his abode in that state is so broken up that it would not be competent to serve process upon him by leaving a copy there. This is in harmony with the holdings in Massachusetts. *Langdon* v. *Doud*, 6 Allen (Mass.) 423, 83 A. D. 641. This is just what is involved in the use of the word "residents" in the last clause of the section. The parties referred to therein must have in the state where the cause of action accrued such a resi-

dence that legal service of process could have been made upon them. A determination of this involves a question of law. When the facts are admitted or proved, it is for the court to say whether the parties were residents of the state referred to. The defendant's exception to the report was properly overruled. Wells, Law and Fact, § 125; *Pennsylvania* v. *Ravenel,* 21 How. 110, 16 L. ed. 33.

The defendant excepted to the judgment against her. She specified two grounds of exception, but, as we understand the record, her only claim was that judgment ought to have been in her favor.

The parties agree that so far as their rights depend upon the statute of limitations they are to be determined by the law of this State; and it was so held in *Sisson* v. *Niles,* 64 Vt. 449, 24 Atl. 992. It is provided in G. L. 1862, that if a person is out of this State when a cause of action like this accrues against him, he may be sued thereon at any time within the statutory period after his return. And it was held in the case last cited that the provisions of this section apply only to absence from this State. In that case, a plaintiff who, at the time the cause of action arose and until suit brought resided in New York, sued in our courts on a cause of action which accrued in that state. The defendant had not, since the cause of action arose, resided in New York or had known property there. These facts were relied upon to avoid a plea of the statute of limitations. It was held that they might avail the plaintiff in a suit in New York, but they were not sufficient here.

G. L. 1862, however, does not apply when the cause of action accrues in another state while the parties thereto are residents of that state. The causes of action involved in this suit accrued in the state of Massachusetts. The defendant was not in this State at that time. So it is necessary (the holder of the notes being a resident of Massachusetts at that time) to ascertain whether the defendant was a resident of Massachusetts when the causes of action arose. For to bring the case within the last clause of G. L. 1862, the parties must then have been residents of the state wherein the cause of action arose. *Troll* v. *Hanauer,* 57 Vt. 139.

This is the vital question in the case. For if G. L. 1862 applies, neither of the notes has outlawed, because the defendant has always been "out of" this State, and there is nothing to show

that she came into it within the meaning of the statute even six years before this suit was brought on October 3, 1912.

On the other hand, if G. L. 1862 does not apply, the defendant's absence from this State does not stay the running of the statute, and both notes have outlawed, regardless of the question whether they are witnessed notes or not; for there is more than fourteen years between April 1, 1896—the latest possible date of maturity—and the date of the writ.

[3]  The smaller note fell due October 1, 1894, a time when, without question, the parties to it all resided in Massachusetts. Therefore G. L. 1862 has no application to it, and the statute had run on it when this suit was brought. The larger note fell due on April 1, 1896, unless its maturity was accelerated by the clause in the mortgage providing for a foreclosure sale. No acceleration clause was contained in the note. The referee finds that the makers of the note defaulted the interest due April 1, 1895, and that, under the terms of the mortgage, both principal and interest thereupon became due. The plaintiff says that this is a mere legal conclusion based upon an erroneous construction of the terms of the mortgage, which does not bind him. To this we agree. Whether the maturity of the note was so accelerated as to start the statute of limitations running depends upon a construction of the mortgage, which was for the court alone; and therefore the finding is without force. *Deavitt* v. *Hooker*, 73 Vt. 143, 50 Atl. 800.

[4]  The mortgage is referred to and made a part of the referee's report, and from it, it appears that the clause in question merely provides that upon default of any part of its conditions the holder might sell the premises at public auction. Nothing is said about the maturity of the notes. The provision relates wholly to the handling of the security. So the only agreement the parties have made is that the premises covered by the mortgage might be sold before the whole debt matured. Such a provision will not be extended by construction—and should not be, for that would be to make a contract for the parties, which is never done. . This very question was decided in *Hall* v. *Jameson*, 151 Cal. 616, 91 Pac. 518, 12 L. R. A. (N. S.) 1190, 121 A. S. R. 137, on grounds sound and satisfactory. We hold, then, that the clause in the mortgage did not affect the maturity of the larger note, which, as we have seen, fell due by its terms April 1, 1896.

[5]   It remains to determine whether the defendant was, on that date, a resident of Massachusetts.   We may assume—for that is to give the defendant all that the findings warrant—that the defendant was a resident of that state until October, 1895. At that time the family dwelling was closed and had been since the February before.   Mr. Karrick's health was such that he could not live in Massachusetts.   He was in and about Boston during that summer, but in October he gave up his office, stored his furniture in his house on Dudley Street, and went back to Colorado.   At or about the same time the defendant went to Texas.   Neither returned to Massachusetts to stay, though the defendant made a brief visit there.   The foreclosure sale was in October, 1895.   Since then the defendant has had no property in Massachusetts.   Mr. Karrick continued to own some equities in real estate there until "the early part" of 1896, but this could not affect the defendant's standing.   On April 1, 1896, the defendant had neither abode nor property in Massachusetts. Suppose the plaintiff had attempted to bring suit against her at that time, how could he get service upon her in Massachusetts? Where could he leave a copy of the writ for her?   The answer is apparent.   There was no way to get service upon her there. She had ceased to be a resident of Massachusetts:   It follows that G. L. 1862 does apply to the larger note, and that the defendant's absence from this State prevents the running of the statute.

[6]   The defendant's claim that by a proper construction of this mortgage the foreclosure sale, in effect, canceled the notes is without merit.   The parties did not so agree.   The general rule is that, under such mortgages, the holder is entitled to sue for the deficiency (19 R. C. L. 665) and, the *lex loci* being controlling, such is unquestionably the law of Massachusetts.   See *Draper* v. *Mann,* 117 Mass. 439; *Stone* v. *Haskell,* 212 Mass. 283, 98 N. E. 1032.

*Judgment affirmed.*