Rose Glass *v.* L. A. Starr et al.

February Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and
Jeffords, JJ.

Opinion filed May 4, 1943.

*Louis Lisman* for the plaintiff.

*John Kissane* for the defendant.

Jeffords, J. The writ in this case bears the date of February
28, 1942. It was served on the defendants March 19, 1942, and
entered in the county clerk's office on March 30, 1942. The de-
fendants appeared specially by their attorney and filed a motion
to abate the process for the reason that the same had not been
entered and docketed within the time required by P. L. sec. 1512.
At the hearing on the motion the plaintiff offered to show by the
master in chancery who had signed the writ and taken the recog-
nizance that the writ was in fact signed by him on March 18, 1942,
and the recognizance taken by him on that day and that the writ
was delivered to the officer on the following day. This offered
evidence was excluded, the motion was granted and the process
abated. Exceptions were allowed the plaintiff and the cause
passed to this Court under the provisions of P. L. sec. 2072.

In order to determine the effect to be given to P. L. 1512 it is
necessary to read it in connection with P. L. 1511. These two
sections are as follows:

> Sec. 1511. "Every writ and process returnable be-
> fore the Supreme or county courts, except as other-

wise provided, shall be served within twenty-one days from the date of issuing the same, including the day of service and excluding the day of issuing, and shall contain the following direction to the officer, viz: 'Fail not but service and return make within twenty-one days from the date hereof.' "

Sec. 1512. "The party suing out such process shall cause the same to be entered and docketed in the county clerk's office on or before the expiration of such twenty-one days, or the process shall, on motion, abate."

These sections were originally enacted as parts of No. 28 of the Acts of 1892. When so enacted the first part of P. L. 1511 relating to the time of service appeared as sec. 8 of the 1892 Act. P. L. 1512 then followed as sec. 9 of that act so that the required time for entering and docketing the writ referred to the date of the issuance of the process. The last part of P. L. 1511 which sets forth the direction to the officer appeared as sec. 12 of the original act. It was also provided in sec. 9 of said act that unless the process was entered and docketed as required it should "be of no avail." In the first revision of the statutes after the passage of the 1892 Act (Vermont Statutes of 1894) the statutes in question appear as now worded as sections 1088 and 1089 of that revision. The plaintiff claims that the manner of the original enactment of these statutes and the history of the same as disclosed in the proceedings of our state bar association show that the Legislature intended that the time for docketing and entering a writ should run from the date of its issuance and not from the date appearing therein. The plaintiff also contends that the date appearing in the writ is only prima facie evidence of the date of its issuance and consequently parol evidence may be introduced to show the true date of such issuance.

It would seem a reasonable construction of these statutes leads to the conclusion that the Legislature did intend that a writ should be docketed and entered within twenty-one days of the date of its issuance. It is equally clear, however, it was also intended that the date of issuance and the date appearing in the writ should be the same for it is apparent this should be the fact of the matter. It is also apparent from the wording of sec. 1512 the Legislature

intended that the date appearing in the writ should be conclusively taken as showing the date of its issuance. To hold otherwise would permit the making of a claim as to every writ that it was issued at a time different from that appearing on the process itself and thus result in much delay due to the necessity of taking oral evidence in the matter and in a virtual nullification of the statute.

In support of her claim that the date of the writ is to be considered only as *prima facie* evidence of the date of its issuance the plaintiff relies on *Day* v. *Lamb,* 7 Vt 426, *Chapman* v. *Goodrich,* 55 Vt 354, and *Sartwell* v. *Sowles,* 72 Vt 270, 48 A 11, 82 Am St Rep 943. In regard to the first two of these cases it is sufficient to say that they were decided before the passage of the statutes in question so can have no controlling significance in construing the same. The Sartwell case is easily distinguishable as the situation there presented was entirely different from the one in the present case. There the motion to dismiss for want of jurisdiction was apparently made after a plea of the general issue had been entered. The basis for the motion is only to be inferred from a statement to the effect that it appeared by the writ and was conceded that the date of the same had been altered. This Court in sustaining the overruling of the motion and the ruling permitting the introduction of parol evidence to show the true date of the writ did not even refer to the statutes here in question but based its holding on an earlier case, having to do with a teacher's certificate, which set forth the common law rule that when a written instrument has a false date the time of its execution may be shown when such time becomes important. It is thus apparent that, for some reason, the questions now under consideration were not decided or touched upon in arriving at the decision on the motion in that case.

*Judgment abating the process is affirmed.*