### Walter Harrington et al v. Hans F. Gaye et al

[ 200 A.2d 262 ]

February Term, 1964

Présent: **Holden, C. J., Shangraw, Barney and Smith, JJ.**

Opinion Filed April 7, 1964

Reargument Denied April 16, 1964

*Ehrich and Mollica* for the plaintiffs.

*Stephen H. Gilman* for the defendants.

**Shangraw, J.** The original writ in this cause, returnable before the Bennington County Court, was dated Sunday, February 24, 1963 and served March 1, 1963. The defendants moved to dismiss the action on the ground that the writ issued on Sunday was void, and that the court was without jurisdiction to hear the cause. The court denied the defendant's motion. This was followed by a jury trial resulting in a verdict for the plaintiffs. Judgment was entered on the verdict. The defendants have appealed from the denial of their motion to dismiss.

The sole question presented for review is the legal effect of the writ in question.

Following the provisions of 12 V.S.A. §654(a), the writ in question was signed by the attorney for the plaintiffs. In so doing no judicial act was required or performed by the attorney.

12 V.S.A. §654(b) provides, that "The signing of original writs is a ministerial act and may be done in advance of issuance." In *Adams* v. *Cook,* 91 Vt. 281, 284, 100 Atl. 42, which concerns the validity of a verdict rendered on a Sunday, the Court stated that "Sunday is, and was at common law, a *dies non,* but ministerial acts performed on that day are lawful." Also see *Coolbeth* v. *Gove,* 108 Vt. 499, 501, 189 Atl. 858. This leads us to the inescapable conclusion that the signing of the writ in question on Sunday was a ministerial act and lawful.

The defendants attempt to draw a distinction between the "signing" of a writ and its "issuance." They urge that while the former is a ministerial act, the latter is a judicial one and prohibited on Sunday. As stated in *Glass* v. *Starr,* 113 Vt. 243, 245, 32 A.2d 123, " . . . the date appearing in the writ should be conclusively taken as showing the date of its issuance."

The summons which was issued in this case over the signature of the plaintiffs' attorney, as authorized by 12 V.S.A. §654(a),

166

merely directed that service and return of the writ be made within twenty-one days from the date thereof. This was merely a notice to appear and defend. This act did not call for any judgment or discretion on the part of the attorney. The issuance of the summons was also a ministerial, rather than a judicial act, and not invalidated by reason of the fact that it was issued on Sunday. 42 Am. Jur. Process, §7, page 10. *Weil* v. *Geier,* 61 Wisc. 414, 21 N.W. 246; *Smith* v. *Ihling,* 47 Mich. 614, 11 N.W. 408. In harmony with these cases is the statement of this Court in *Banister* v. *Wakeman,* 64 Vt. 203, 210, 23 Atl. 585, 15 L.R.A. 201, wherein it was held that "The issuing of mesne and final process in civil cases, . . . is a ministerial act." This view was confirmed in the case of *Coolbeth* v. *Gove, supra,* at page 502.

We cannot ascribe legislative intent to a mere act of omission in view of the principle of statutory construction that we must construe procedural acts with reference to the common law on the subject. We might say that we can find no legislative intent to overthrow the established decisions of our Court, namely, *Banister* v. *Wakeman, supra,* on the point that the issuance of mesne process in civil cases is a ministerial act rather than a judicial one.

The defendants' motion to dismiss was properly denied. *Judgment affirmed. Motion for reargument denied.*