### Charles Jacques v. Philip Jacques

[259 A.2d 779]

No. 21-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 9, 1969

*Monte & Monte,* Barre, for Plaintiff.

*Martin, Free & Bernasconi,* Barre, for Defendant.

**Holden, C.J.** The question presented is whether this action in negligence is barred by the statute of limitations of the Province of Quebec. The injuries, for which the plaintiff seeks recovery, were sustained March 14, 1965, while the plaintiff was traveling in Canada in an automobile operated by the defendant. Both parties resided in the city of Barre in this state. Such are the facts alleged in the complaint which was dated March 8, 1968.

The defendant's answer pleads the Canadian statute. At the time of answering the defendant presented a motion to dismiss, which similarly states that, according to the foreign statute, the plaintiff was required to bring his action within the expiration of one year from the date of the accident which produced his injury.

The plaintiff admitted to the lower court that the Civil Code of Quebec, Section 2262, provides—

> "The following actions are prescribed by one year:—
> —(2) For bodily injuries, waiving the special conditions contained in Article 1056 and cases regulated by special laws."

Article 1056 relates to the death of a party. It has no application to the plaintiff's action.

The law of Vermont affords a three year period for the commencement of actions to recover personal injuries 12 V.S.A. § 512(4) as amended 1967. And under our statute, the time of commencement is computed at the date of the complaint. *Chapman* v. *Goodrich,* 55 Vt. 354, 355; see also *Glass* v. *Starr,* 113 Vt. 243, 244, 32 A.2d 123.

The lower court applied the Canadian statute and dismissed the action. We hold the ruling was in error.

Statutes of limitation affect the remedy rather than the right. And this Court has held that a cause of action which

accrued in a foreign jurisdiction could not be maintained here after the time limited in our statute had expired. *Coral Gables, Inc.* v. *Christopher,* 108 Vt. 414, 417, 189 A. 147, 109 A.L.R. 474 (Powers, C.J.). Conversely, if the action is properly brought here, and within the time limitation of our statute, it may be maintained even though time has run out at the place where the action arose. *Townsend* v. *Jemison,* 9 How. (50 U.S. 407), 13 L.Ed. 194, 197; Restatement, Conflicts, § 604; Leflar, The Law of Conflict of Laws § 66.

There is a recognized exception to the general rule when a foreign statute which creates a new right of action specifies the right created shall not continue beyond the time limited by the act. Restatement, Conflict of Laws § 605; Leflar, *supra,* at § 66. We are not dealing with newly created liability, entirely of statutory origin. And if we were, there is nothing in the record before us to qualify the right to recover elsewhere to the time limit prescribed in Quebec. See, *Bournias* v. *Atlantic Maritime Co.* (CCA 2, 1955) 220 F.2d 152, 155–157 (Harlan, J.).

*Order dismissing the complaint reversed and cause remanded.*