**Evelyn DUTIL, Administratrix of the Estate of Raymond Dutil**

v.

**Marlin M. MAYETTE.**

**Civ. No. 73–138.**

United States District Court, D. Vermont.

Feb. 4, 1975.

Robert D. Rachlin, Downs, Rachlin & Martin, St. Johnsbury, Vt., for plaintiff.

John M. Dinse, Dinse, Allen & Erdmann, Burlington, Vt., for defendant.

### MEMORANDUM AND ORDER

HOLDEN, District Judge.

The defendant has moved to dismiss this wrongful death action (14 V.S.A. §§ 1491, 1492) on two grounds: (1) the action is barred by the applicable statute of limitations and (2) the plaintiff, by failing to procure ancillary letters of administration in Vermont, lacks capacity to bring this suit. The Court's finding that the plaintiff does lack capacity to bring this suit makes it unnecessary to reach the statute of limitations issue.

At the hearing on January 3, 1975 on these two affirmative defenses, plaintiff's counsel conceded that the plaintiff administratrix had not procured ancillary letters of administration in Vermont. Without the authorization of ancillary letters of administration issued in Vermont, a plaintiff administratrix appointed in a foreign jurisdiction lacks capacity to maintain a wrongful death action in this state. Accordingly, the complaint must be dismissed. *Weinstein v. Medical Center Hospital of Vermont*, 358 F.Supp. 297 (D.Vt.1972).

By dismissing this complaint for lack of capacity, the Court leaves the novel and unsettled questions of recent Vermont statutory changes attending the limitations of actions to the state courts.[1]

It is ordered:

*That the defendant's motion to dismiss is granted.*

---

1. The novel questions of state law include whether this action is deemed "commenced" for purposes of tolling the statute of limitations as of the date of the complaint (see *Jacques v. Jacques*, 128 Vt. 140, 141, 259 A. 2d 779 (1969); *Bethel Mills, Inc. v. Whitcomb*, 116 Vt. 357, 361, 76 A.2d 548 (1950) ) or whether the new Vermont Rules of Civil Procedure, Rule 3, and 12 V.S.A. § 466 require that an action be "commenced" by filing or service. There may be a further question involved in whether actions for wrongful death under 14 V.S.A. § 1492 are subject to the provisions of Chapter 23, Vermont Statutes Annotated.