2004 VT 25

## Marine Midland Bank v. David R. Bicknell

[848 A.2d 1134]

No. 03-127

Present: Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.

Opinion Filed March 19, 2004

*Alan A. Bjerke* of *Bauer, Anderson & Gravel,* Burlington, and *Steven D. Karlin* of *Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow,* New York, New York, for Plaintiff-Appellant.

*Jon T. Alexander* of *Burak Anderson & Melloni, PLC,* Burlington, for Defendant-Appellee.

¶ 1. **Amestoy, C.J.** Marine Midland Bank appeals the trial court's dismissal of its action to domesticate and enforce a 1991 New York judgment against appellee, David Bicknell. We agree with the trial court that the action is barred by the statute of limitations, and therefore we affirm.

¶ 2. In 1991, appellant obtained a judgment against David R. Bicknell and a co-defendant in the amount of $231,292.98 in the Supreme Court for the County of New York, New York. The judgment remains unsatisfied. According to appellant, at the time the judgment was entered, and up until sometime in June 2000, Mr. Bicknell remained a resident of the State of New York. Around June 2000, upon finding

that Mr. Bicknell had relocated to Vermont,[1] appellant sought to domesticate the New York judgment in the Vermont courts. Mr. Bicknell moved to dismiss for failure to state a claim, arguing that the action was barred by 12 V.S.A. § 506, the eight year statute of limitations for actions on judgments. The court found that § 506 applied and that, contrary to appellant's assertion, Vermont's tolling statute, 12 V.S.A. § 552, did not extend to this action because both parties were New York residents when the cause of action accrued. Accordingly, the court granted Mr. Bicknell's motion to dismiss. This appeal followed.

¶ 3. On review of a decision under Rule 12(b)(6) that plaintiff has failed to state a claim on which relief can be granted, we "must assume the factual allegations in [the] complaint are true," and determine whether "it appears beyond doubt that there exist no circumstances or facts which the plaintiff could prove about the claim made in his complaint which would entitle him to relief." *Ass'n of Haystack Prop. Owners, Inc. v. Sprague*, 145 Vt. 443, 444, 446, 494 A.2d 122, 123, 124 (1985) (internal quotations omitted). On matters of statutory interpretation, however, our review is nondeferential and plenary. *State v. Koch*, 169 Vt. 109, 112, 730 A.2d 577, 580 (1999). We look first to the plain meaning of the statutory language, and if it is clear and unambiguous, we will apply it, without resorting to statutory construction or determination of legislative intent. *Wentworth v. Fletcher Allen Health Care*, 171 Vt. 614, 617, 765 A.2d 456, 461 (2000) (mem.).

¶ 4. In Vermont, "[a]ctions on judgments and actions for the renewal or revival of judgments shall be brought within eight years after the rendition of the judgment, and not after." 12 V.S.A. § 506. The judgment in this case was rendered in 1991, and the Vermont action was commenced in 2000; thus, the action was prima facie barred by the statute. See *Capen v. Woodrow*, 51 Vt. 106, 107 (1878). Nevertheless, appellant claims that the action was tolled under 12 V.S.A. § 552 because Mr. Bicknell did not come to Vermont until 2000.

¶ 5. Section 552 of Title 12 provides:

If a person is out of the state when a cause of action . . . accrues against him, the action may be commenced within the

---

[1] The dates of Mr. Bicknell's residency and ownership of property in Vermont are disputed and not part of the record, and therefore we refer to them only to the extent they are necessary to state appellant's argument.

time limited therefor after such person comes into the state. If a person is absent from and resides out of the state after a cause of action accrues against him and before the statute has run, and he has not known property within the state which can by common process of law be attached, the time of his absence shall not be taken as a part of the time limited for the commencement of the action. The provisions of this section shall not extend to a cause of action accruing in another state or government, when the parties thereto at the time of the accruing of such cause of action are residents of such other state or government.

The statute thus indicates that there are some situations in which the cause of action will be tolled until the person comes into the state. However, the statute's last clause expressly excludes actions accruing in other states where the parties are residents of the other states at the time of accrual. The trial court found that it was clear from the complaint that both parties were residents of New York when the cause of action accrued, and therefore appellant could not avail itself of § 552 to avoid the statute of limitations period found in § 506. We agree. Section 552 tolls a cause of action after its accrual while the defendant is out of the state and does not own property in Vermont that can be attached. The last clause, however, excludes causes of action accruing in other states, so long as the parties to the accruing cause are residents of that state. *Trask v. Karrick*, 94 Vt. 70, 73, 108 A. 846, 847 (1920).

¶ 6. Appellant claims that the trial court erred in applying the exception to the tolling statute provided in § 552 because, although both parties were New York residents, the action on the judgment had not accrued under New York law. Appellant relies on New York's C.P.L.R. § 5014, the statutory authority under which a judgment creditor may bring an action on a New York judgment. The creditor may do so only after a ten-year waiting period following the docketing of the judgment, C.P.L.R. § 5014(1); or where the judgment was entered on default and there was no personal service of the summons, C.P.L.R. § 5014(2); or where the court which rendered the judgment grants to the judgment creditor an order upon motion permitting the creditor to bring an action, C.P.L.R. § 5014(3). Because the action at issue here does not meet any of these provisions, appellant argues that the action never accrued while the parties were in New York. Accordingly, appellant claims that the court erred in dismissing the action as untimely. Appellant claims that the time when Mr. Bicknell allegedly

established his domicile in Vermont — in 2000 — was appellant's first opportunity to bring an action on the judgment because the statutorily-imposed waiting period had barred — and was still barring — an action on the judgment in the New York courts. Thus, for appellant, Mr. Bicknell's relocation marks the time when the cause of action accrued and the tolling of the Vermont statute of limitations ended. We disagree.

¶ 7. Vermont law governs all procedural issues in actions to enforce foreign judgments in Vermont courts. *Wursthaus, Inc. v. Cerreta*, 149 Vt. 54, 55-56 n.*, 539 A.2d 534, 535 n.* (1987); see also Restatement (2d) Conflict of Laws § 99 (1971) ("The local law of the forum determines the methods by which a judgment of another state is enforced."). When a cause of action is brought in Vermont, Vermont law determines the accrual date and the limitations period. See *Jacques v. Jacques*, 128 Vt. 140, 141-42, 259 A.2d 779, 780-81 (1969). Thus, a cause of action accrued in a foreign jurisdiction cannot be maintained after the time limit imposed by the Vermont statute for the same kind of action has expired. *Id.* at 141-42, 259 A.2d at 780. Conversely, an action timely brought in Vermont can be maintained here even if time-barred in the jurisdiction where the action arose. *Id.* at 142, 259 A.2d at 781. The only exception to this rule occurs when a foreign statute creates a new right of action and prescribes a specific limitation period. *Id.* That is not the case here, however. An action upon a judgment is a well recognized common law action. *Koerber v. Middlesex College*, 136 Vt. 4, 6, 383 A.2d 1054, 1055-56 (1978).

¶ 8. Appellant is suing on a Vermont cause or right of action in a Vermont court. Since the right to enforce the judgment is not a creature of a foreign statute, but rather a common law action, we cannot import a foreign statute to determine its accrual date. Under Vermont law, "[a] judgment creditor generally has a right to bring an action upon a judgment *at any time after its rendition,* until it is barred by the statute of limitation." *Id.* at 7, 383 A.2d at 1056 (emphasis added). An action on a foreign judgment not commenced within eight years is prima facie barred by the statute. See *Capen*, 51 Vt. at 107. Although some jurisdictions — such as New York — bar actions on judgments while execution is available in order to prevent "needless and vexatious litigation," in Vermont both enforcement and satisfaction methods arise and end at the same time. *Koerber*, 136 Vt. at 7, 383 A.2d at 1056; 12 V.S.A. § 506 ("Actions on judgments ... shall be

brought within eight years after rendition of the judgment . . . ."); 12 V.S.A. § 2681 ("[E]xecutions may be issued so long as the judgment remains unsatisfied, but not after eight years from the date of rendition of the judgment."). We therefore agree with the trial court that the cause of action accrued when the parties were New York residents and thus the exception provided for in § 552 applies to this action.

¶ 9. Contrary to appellant's assertions, this interpretation is consistent with the purpose of § 552. The statute protects a plaintiff from the statute of limitations while plaintiff is unable to enforce his rights. See *Troll v. Hanauer*, 57 Vt. 139, 141-42 (1884); *Trask*, 94 Vt. at 73, 108 A. at 848. The statute's last clause excepts from this protection "a cause of action accruing in another state or government, when the parties thereto at the time of the accruing of such cause of action are residents of such other state or government." 12 V.S.A. § 552. The purpose of the exception is to prevent a plaintiff from failing to act when he could have done so in the foreign state. The exception does not apply, however, when the plaintiff had no opportunity to commence an action in the jurisdiction in which he resides. *Troll*, 57 Vt. at 141-42. Accordingly, we have previously refused to apply the exception when the plaintiff had no prior opportunity to enforce his rights; for example, when at the time of accrual plaintiff and defendant were residents of different states, the defendant had no known property in the state where the action arose, and there was no meaningful opportunity to serve the defendant. See *id.*; *Trask*, 94 Vt. at 73, 108 A. at 848. Here, however, appellant was able since November 1991 to act upon and satisfy its alleged judgment in New York through execution proceedings. While we understand that under New York law appellant may have not been able to commence an action on the judgment, we find significant, for purposes of applying the statutory exception, that appellant had other enforcement mechanisms available and therefore had not been helpless while the statute of limitations was running.[2]

¶ 10. Appellant would have us defer to New York's choice to bar actions on judgments while execution is available, in detriment of

---

[2] Although not determinative, it is important to note that appellant not only had the remedy of execution available, but may have also been able to request an action on the judgment. Under New York C.P.L.R. § 5014(3) the court that rendered the judgment may grant to the judgment creditor an order upon motion permitting the creditor to commence the action before the period provided for in § 5014(1). In its brief, appellant ambiguously states, "no court order permitting an action on the judgment has been rendered," leaving thus unclear whether appellant ever attempted to avail itself of this alternative.

Vermont's legislative policy to set a definite time in which a creditor can enforce the payment of its debt by allowing the same amount of time by either actions on judgments or executions. See 12 V.S.A. §§ 506, 2681. Such deference to other states' policies through the importation of their procedural rules would compromise Vermont's own ability to control the timeliness of actions brought in its courts. That is a result that the Legislature has sought to avoid, and it has done so through the express language of 12 V.S.A. § 552.

*Affirmed.*