2005 VT 54

## STATE of Vermont v. Joshua Lee DAMON

[878 A.2d 256]

No. 04-333

¶ 1. May 2, 2005. Defendant, Joshua Damon, was charged with aiding in the commission of petit larceny, a misdemeanor. 13 V.S.A. § 2502. Defendant moved to dismiss for lack of a prima facie case, arguing that the crime of aiding in the commission of a misdemeanor does

not exist in Vermont, and even if such a charge exists, the State failed to provide sufficient evidence to support the charge. The trial court denied defendant's motion to dismiss, and defendant appealed. We affirm.

¶ 2. The facts are as follows. One afternoon, two people reported that their purses had been stolen from their vehicles which were parked at businesses on Putney Road in Brattleboro. The first person parked her truck in a grocery store lot and reported that someone had broken her pickup truck's rear side window and stolen her purse. No witnesses came forward to report the theft. Approximately one half hour later, another person reported that someone stole her purse from her car that was parked at a gas station down the street from the grocery store. The gas station clerk observed the theft and described the individual who stole the purse as a white male wearing a ball cap with flames on it. The clerk witnessed the male get out of a small blue car and observed another white male with dark hair and a goatee, the defendant, also emerge from the vehicle. The clerk explained that the second male was on his way to the bathroom behind the building when the male wearing the ball cap took the purse.

¶ 3. That evening, a gas station clerk from another gas station on Putney Road called in response to police radio communications to report that the suspects had just been at his store in a blue car. He noted that one of the individuals was wearing a hat with flames on it and provided the vehicle's make and license number. A few minutes later, an officer pulled over a car matching that description on Putney Road. Defendant was inside the vehicle along with Brian Whidden, the male wearing the ball cap. The officer observed a flashlight and crowbar next to the front seat.

¶ 4. An officer read defendant his Miranda rights, and defendant admitted that he had driven the car into the grocery store lot and had watched while Whidden smashed the pickup truck's window. Defendant also admitted driving Whidden from the grocery store to the first gas station. Defendant stated that he did not know if Whidden had stolen anything at that time. Defendant informed the officer that Whidden had thrown the purses out of the car window while defendant drove the car over a bridge.

¶ 5. The State charged defendant with "participat[ing] in the commission of a misdemeanor . . . in violation of 13 V.S.A. Section 2502." Defendant moved to dismiss arguing that "no statute nor Vermont case law . . . supports [a charge of aiding in the commission of a misdemeanor]," and even if such a charge exists, it is "unsupported by the facts." The trial court held that it is well established that a "person who knowingly and intentionally participates in the commission of a misdemeanor may be prosecuted as if he were a principal." The court also concluded that, based on the evidence, the State's theory that defendant was acting as a wheel man for Whidden was a fair and reasonable inference supported by the evidence. Thus, the trial court denied defendant's motion. Defendant now appeals.

¶ 6. Defendant first argues that there is no statutory crime in Vermont of aiding in the commission of a misdemeanor, but only a crime for aiding in the commission of a felony pursuant to 13 V.S.A. § 3. Defendant argues that the common law crime of aiding in the commission of a misdemeanor was repealed when the Legislature enacted 13 V.S.A. § 3. Because this claim involves only a question of law, our review is de novo. *State v. Koch*, 169 Vt. 109, 112, 730 A.2d 577, 580 (1999).

¶ 7. Our case law has long held that "[a]ll who knowingly and intentionally participate in the commission of a mis-

demeanor are principals and may be convicted thereof either separately or jointly." *State v. Orlandi*, 106 Vt. 165, 171; 170 A. 908, 910 (1934) (unrelated dicta overruled on other grounds by *State v. Bacon*, 163 Vt. 279, 658 A.2d 54 (1995)); accord *State v. Bissonette*, 145 Vt. 381, 390, 488 A.2d 1231, 1236 (1985) (quoting and relying on *Orlandi*); *State v. Sturgeon*, 140 Vt. 240, 244, 436 A.2d 777, 780 (1981) (same); *State v. Sears*, 130 Vt. 379, 381, 296 A.2d 218, 219 (1972) (same); *State v. Ballou*, 127 Vt. 1, 3, 238 A.2d 658, 660 (1968) (same). 13 V.S.A. § 3, which states that "[a] person who aids in the commission of a felony shall be punished as a principal," simply does not address misdemeanors or in any way indicate an attempt to overturn the common law crime of aiding in the commission of a misdemeanor. See *Langle v. Kurkul*, 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986) (explaining that a statute changes the common law only if the "statute overturns the common law in clear and unambiguous language, or if the statute is clearly inconsistent with the common law, or the statute attempts to cover the entire subject matter."). 13 V.S.A. § 3 addresses only felony liability, and thus did not repeal the common law crime of aiding in the commission of a misdemeanor.

¶ 8. Defendant essentially argues that the 1994 amendment to the motor vehicle statute, 23 V.S.A. § 1711, demonstrates that the Legislature knows how to include misdemeanors in a statute, and thus, it consciously chose to exclude misdemeanors from the 1973 amendment to 13 V.S.A. § 3, thereby evidencing the Legislature's intent to repeal the common law rule. We disagree. The motor vehicle statute provides that: "A person who, whether present or absent, aids, abets, induces, procures or causes the commission of an act which, if done directly by him or her, would be a felony or a misdemeanor under a provision of this title, is guilty of the same felony or mis-

demeanor." 23 V.S.A. § 1711. We refuse to "ascribe legislative intent to a mere act of omi[tting]" the misdemeanor language in the 1973 amendment to 13 V.S.A. § 3. *Harrington v. Gaye*, 124 Vt. 164, 166, 200 A.2d 262, 263 (1964); see also *Langle*, 146 Vt. at 517, 510 A.2d at 1303 (rejecting argument that Legislature's decision to act in one area of law, and not the other, evidences its intent to repeal common law).

¶ 9. Defendant argues that, even if we continue to recognize the crime of aiding in the commission of a misdemeanor, the State lacked sufficient evidence to establish a prima facie case and the trial court should have granted his motion to dismiss. In reviewing a V.R.Cr.P. 12(d) motion to dismiss, we determine whether the evidence would fairly and reasonably tend to show that defendant committed the offense beyond a reasonable doubt by examining the evidence in the light most favorable to the State, excluding the effects of modifying evidence. *State v. Baron*, 2004 VT 20, ¶ 2, 176 Vt. 314, 848 A.2d 275.

¶ 10. "[W]here several persons combine under a common understanding and with a common purpose to do an illegal act, every one is criminally responsible for the acts of each and all who participate with him in the execution of the unlawful design." *State v. Millette*, 173 Vt. 596, 597, 795 A.2d 1182, 1184 (2002) (mem.) (internal quotation omitted). Mere presence at the scene is not alone sufficient to prove participation, but when "such presence is by preconcert with the design to encourage ... or, if it should become necessary, to render assistance, then, ... there is participation." *Orlandi*, 106 Vt. at 171, 170 A. at 910.

¶ 11. Examining the evidence in the light most favorable to the State, evidence existed to prove beyond a reasonable doubt that defendant aided in the commission of petit larceny under 13 V.S.A. § 2502. Defendant admitted to: (1)

providing Whidden transportation to the grocery store where the first purse was stolen; (2) watching Whidden steal the purse; (3) and driving Whidden from the grocery store to the first gas station where Whidden stole another purse. These admissions support a reasonable inference that defendant aided in the thefts. Additionally, three witnesses saw defendant and Whidden together during the time period when the two thefts occurred. When the officer found the suspects in the car, he noticed a crowbar and a flashlight in the front seat. This circumstantial evidence, coupled with defendant's admissions, reasonably tend to show beyond a reasonable doubt that defendant committed the offense.

*Affirmed.*