STATE OF VERMONT

ENVIRONMENTAL COURT

|                       |   |                          |
|-----------------------|---|--------------------------|
| Town of Richmond,     | } |                          |
|      Plaintiff,       | } |                          |
|                       | } |                          |
|      v.               | } | Docket No. 102-5-02 Vtec |
|                       | } |                          |
| Isaac Cowan,          | } |                          |
|      Defendant.       | } |                          |
|                       | } |                          |

Decision and Order on Pending Post-Judgment Motions

This is an enforcement case related to the placement of a retaining wall on the property of Defendant Isaac Cowan. In its Decision and Order of February 13, 2007, the Court resolved the timing and conditions of the order for injunctive relief, which was agreed to have been satisfied as of November 21, 2007, but required additional memoranda relating the specific components of the parties' arguments relating to the penalty amount. In its Decision and Order of June 4, 2007, the Court imposed a penalty amount of $25,800, analyzing Defendant's avoided costs, and the Town's legal, engineering and administrative fees and costs for several distinct periods in the history of the dispute. The June 4, 2007 Judgment Order concluded this enforcement case.

The Town of Richmond is represented by Mark L. Sperry, Esq.; Defendant now represents himself. Intervenors Erica Ell and Edward Gaston, represented by David L. Grayck, Esq., were actively involved in the permit cases related to this property, and with respect to any injunctive relief, but have not taken an active role in the penalty or post-judgment phases of this enforcement case.

1

Several post-judgment motions have been filed. The Town has moved to double the amount of the fine, pursuant to 24 V.S.A. § 4451(a), 5th sentence.[1] Defendant moved for an order "ordering the Town to discharge the Judgment Order" if the judgment order amount plus interest to the date of payment is paid. In its March 13, 2008 entry order regarding these motions, the Court denied this motion, stating that "[n]o basis appears for a prospective order at this time," but leaving open the possibility for Defendant to renew the motion at a later date. Defendant has also moved to suspend the accrual of the interest due on the judgment order while the pending post-judgment dispute is being resolved.

At the request of the Court, Liam L. Murphy, Esq., the attorney representing an intending buyer of the property, was given leave to file a memorandum as amicus curiae on the pending motions, pursuant to V.R.A.P. 29 (made applicable to Environmental Court by V.R.E.C.P. 3).

The Environmental Court has jurisdiction of only three types of enforcement actions that can result in fines or monetary penalties: under the statute governing state environmental enforcement orders[2]; under the statute governing municipal solid waste orders[3]; and under 24 V.S.A. § 4451 governing fines for zoning and subdivision violations.

---

[1] "In default of payment of the fine, the person . . . shall . . . pay double the amount of the fine." 24 V.S.A. § 4451(a).

[2] Under the Uniform Environmental Enforcement statute, 10 V.S.A. Chapter 201, monetary penalties may be imposed in a final environmental enforcement administrative order issued by the Agency of Natural Resources (ANR), or may be imposed de novo by the Environmental Court after hearing on the order. 10 V.S.A. §§ 8010(c), 8012(b)(4).

[3] Under 24 V.S.A. Chapter 61, Subchapter 12, monetary penalties may be imposed by the municipality in a final order relating to municipal solid waste, or may be imposed de novo by the Environmental Court after hearing on the order. 24 V.S.A. §§ 2297a(e)(5), 2297b(e).

The remaining proceedings within the jurisdiction of the Court involve appeals (V.R.E.C.P. 5), judicial review (the remainder of V.R.E.C.P. 4), or relief in the nature of injunctive or declaratory relief (V.R.E.C.P. 3(1), (6), (7), (8)).

Of the three statutes providing for civil penalties to be imposed by the Environmental Court, only two of them explicitly provide for collection or other enforcement remedies for an unpaid penalty. Both of these place jurisdiction of remedies for an unpaid penalty in superior court (or in both superior and district court), rather than in environmental court. Under 10 V.S.A. § 8014(b), if a penalty is imposed and the respondent fails to pay, the ANR may bring a collection action in any superior or district court. This legislation was adopted in 1989, contemporaneous with the creation of the Environmental Court. See 4 V.S.A. § 1001. The statute specifically does not give the Environmental Court jurisdiction over actions to collect a money penalty, even though it does give the Environmental Court jurisdiction, concurrently with the superior and district courts, of actions to enforce the injunctive relief aspects of its orders. 10 V.S.A. § 8014(a). Similarly, if a money penalty is imposed in a municipal solid waste enforcement case, "and the respondent fails to pay the penalty within the time prescribed, the legislative body may bring a collection action in the superior court" only. 24 V.S.A. § 2297a(j). This section was adopted in 1991. Also compare 6 V.S.A. §§ 4855, 4861 (large farm operation permit appeals to Environmental Court) with 6 V.S.A. §§ 4854, 15(e) (large farm operation permit enforcement, including penalties, in superior court, with civil collection actions in superior or district court).

The substantial money penalty in the present case was imposed by the Environmental Court pursuant to 24 V.S.A. § 4451(a). The provisions for a fine (civil

3

penalty[4]) for a municipal zoning violation now codified in 24 V.S.A. § 4451(a) (formerly codified in 24 V.S.A. § 4444) were adopted in 1969, long before the 1995 transfer of zoning and zoning enforcement jurisdiction to the Environmental Court. Unlike the other two types of civil penalties that may be imposed by the environmental court, 24 V.S.A. § 4451(a) is silent as to the nature of any available collection proceedings.[5] Compare 24 V.S.A. § 1981(a) (regarding penalties issued for municipal ordinance violations by the judicial bureau (added effective November 1994): "all the civil remedies for collection of judgments shall be available to enforce . . . .").

Rather than specifying the available collection proceedings, 24 V.S.A. § 4451(a) retained the prior language of former § 4444 that "[i]n default of payment of the fine, such person . . . shall . . . pay double the amount of such fine." This language by itself does not give Environmental Court jurisdiction of collection actions for zoning penalties. The Court's "paramount goal is to discern and implement the intent of the legislature." Miller v. Miller, 2005 VT 89, ¶ 14, 178 Vt. 275, 277. It is unlikely that the legislature intended, by transferring zoning enforcement as well as zoning appeals to Environmental Court, also implicitly to transfer jurisdiction over collection proceedings for municipal zoning penalties, especially in view of the legislature's explicit decision not to give the Environmental Court such collection jurisdiction in the Environmental Court's only two

---

[4] Town of Hinesburg v. Dunkling, 167 Vt. 514, 524–25 (1998), an appeal of an enforcement case decided under former 24 V.S.A. § 4444 in superior court, established that the penalty was civil in nature.

[5] This court cannot determine whether the legislative silence on this point was inadvertent; or was due to the fact that such § 4444 actions were brought in superior court, where all of the normal collection mechanisms were already available; or was due to the existence of other statutory provisions for any "fines, forfeitures and penalties" imposed by the superior court for municipal ordinance violations, 13 V.S.A. § 7251; or due to some other rationale.

other types of enforcement proceedings. See LaPlume v. Lavallee, 2004 VT 78, ¶ 8 ("Where there is no express grant of jurisdiction, we will not invent it."). Rather, it is more consistent with the evident legislative intent regarding the Environmental Court's other penalty provisions that the legislature intended to leave the collection procedures in superior court, when it transferred the zoning enforcement jurisdiction to Environmental Court.

In Vermont, a judgment creditor has the right to bring a separate action to enforce a judgment and also has the right to execute on the judgment. Marine Midland Bank v. Bicknell, 2004 VT 25, ¶ 8, 176 Vt. 389, 393–94. While this Court had jurisdiction over the original enforcement action giving rise to the June 4, 2007 judgment order, it has not been given jurisdiction over these remedies to collect or otherwise execute on the judgment order.

Rather, by its terms this provision of 24 V.S.A. § 4451(a) appears to be self-executing. Not only does it not require an order of this Court to take effect, it does not even appear to allow the court that issued the original judgment order to determine whether or not to impose the doubling of the fine if there is a default in payment. Accordingly, any further analysis or order by this Court regarding the doubling-the-fine remedy would be an impermissible advisory opinion and is precluded. See In re 232511 Investments, Inc., 2006 VT 27, ¶ 19, 179 Vt. 409, 417.

Similarly, issues to do with the judgment lien filed by the Town, and Defendant's request for an order governing its release, appear to be beyond the jurisdiction of this court. A judgment of this court is one "issued in a civil action," 12 V.S.A. § 2901, allowing the judgment lien to be filed. However, 12 V.S.A. § 2905 provides for it to be discharged "in the same manner as a mortgage" under 27 V.S.A. Chapter 5, and provides specifically that the obligation to discharge is as provided in 27 V.S.A. § 464. A party aggrieved by a refusal to discharge may litigate that matter in superior court under 27 V.S.A. § 464(c); this Court

5

has no jurisdiction to issue any orders, prospectively or otherwise, regarding the judgment lien or its discharge.

Accordingly, the Town's "motion" for a doubling of the fine amount is DISMISSED WITHOUT RULING as beyond the jurisdiction of this Court, as is Defendant's motion for an order directing the Town to discharge the judgment lien. Defendant's motion for suspension of the accrual of interest on the original penalty is also DENIED; there has been no showing that it would be unfair for Defendant to have to pay the interest on the original penalty imposed by the Court.

Dated at Berlin, Vermont, this 16th day of April, 2008.

_____
Merideth Wright
Environmental Judge